[No. 989.   Decided July 25, 1893.]

THE STATE OF WASHINGTON, *on the relation of Henry L. Tilton et al.*, v. THE SUPERIOR COURT OF SPOKANE COUNTY *et al.*

[No. 990.   Decided July 25, 1893.]

THE STATE OF WASHINGTON, *on the relation of Washington Savings Bank et al.*, v. THE SUPERIOR COURT OF SPOKANE COUNTY *et al.*

APPEAL — ORDER REMOVING RECEIVER — PROHIBITION.

An appeal will not lie from an order of the court removing one receiver and appointing another in his stead. (STILES, J., dissents.)

Where the court has removed one receiver and appointed another, the giving of a *supersedeas* bond on appeal from such order will not be ground for the issuance of a writ of prohibition to prevent the court from carrying such order into effect.

*Original Application for Prohibition.*

*Samuel. R. Stern, Jones, Voorhees & Stephens*, and *Van Buskirk, Leonard & Knight*, for relators.

*Turner, Graves & McKinstry*, and *Peacock & Boarman*, for respondents.

The opinion of the court was delivered by

HOYT, J. — Relators sought by these proceedings to have the superior court of Spokane county, and two of the judges thereof, prohibited from carrying into effect two certain orders made in cases pending in said court.   One

of such orders removed a receiver theretofore appointed by the court, and the other appointed a receiver in another action, relating to the same subject matter.

Applications for writs of prohibition are addressed to the sound discretion of the court, and will only be granted when in the opinion of the court such action is necessary to protect the substantial rights of a relator from being interfered with by the action of the court in excess of its jurisdiction. Such writs are in no sense matters of strict right. This being so, it is the duty of the court upon such applications to examine into the circumstances surrounding the case for the purpose of determining as to the necessity of the exercise of the extraordinary power of the court in allowing the writ. In the matters at bar it is made clearly to appear from the two applications, and the records brought here in aid thereof, that the only effect of the orders which it is sought to prohibit the court from enforcing is to remove one receiver of a corporation, and appoint in his place another person. Such being the effect of the orders taken together, they must, for the purposes of these applications, be given the same force as they would if made in the same case.

The only ground upon which the relators found their claims for the writs is that the execution of said orders has been superseded by appeals duly taken therefrom, in which appeals sufficient *supersedeas* bonds have been filed and approved; hence, if from such orders no appeal would lie, the writs must be denied. It therefore becomes necessary for us to decide as to whether or not orders of this kind are such as will sustain an appeal. It is claimed on the part of the relators that it must be held that they are, for the reason that they come directly within the letter of the statute upon the subject. The language of the statute is that an appeal will lie "from an order appointing or removing or refusing to appoint or remove a receiver," and,

when superficially examined, would seem to justify the contention made by the relators. A more careful examination of the statute, however, leads us to the conclusion that the legislature could never have intended to allow an appeal from an order made by a superior court removing a receiver for the purpose of appointing some person deemed more suitable in his place, nor from the order appointing such person to take such place. In our opinion, the legislature intended only to provide for appeals at the instance of the aggrieved party from a determination of the court as to the right to have a receiver to take charge of the corporation or estate in controversy. If, against the objections of the defendant, a receiver was appointed at the instance of the plaintiff, the defendant is by such statute given the right to appeal; and if, upon the application on the part of the plaintiff for a receiver, the court refuses to appoint such receiver, then the plaintiff is given the right to appeal; and likewise, if, after a receiver has been appointed, the court upon application removes him on the ground that the circumstances did not warrant the receivership being continued, or refuses to remove him because he comes to a contrary conclusion, an appeal will lie at the instance of the party aggrieved by the decision. This construction gives full force to the words of the statute in the sense in which the legislature must be held to have used them, while the construction contended for by relators would tend to greatly embarrass the superior courts in closing up the affairs of corporations and estates by means of an honest and capable receivership. A receiver is simply an officer of the court, and as a legal proposition no party to the action has any interest in the person who shall act as such receiver, nor has the receiver himself any vested interest in the right so to act. In the cases at bar there is no contention raised as to the necessity of a receiver acting for the court in adjusting and closing up the affairs of the corporation.

The only thing which is sought to be controverted is the right of the court under all the circumstances to decide as to the person who shall discharge the duties of such receiver.   In our opinion, the decision of this matter is by our statute committed to the discretion of the superior court, and from his decision therein no appeal will lie.

Writs denied.

DUNBAR, C. J., and ANDERS and SCOTT, JJ., concur.

STILES, J.——I concur in the result in this case, but am unable to agree that the matter of the *personnel* of receivers is in all cases committed to the discretion of the court, and that no appeal will lie in any case.   In case of an abuse of that discretion, I see no reason why an appeal should not lie as in any other case of abuse of discretion; and where the statute prohibits the appointment of certain persons, as in Acts 1893, chap. 137, in my judgment there must be a right of appeal.