[No. 4150.   Decided May 6, 1902.]

NEW YORK NATIONAL EXCHANGE BANK, *Respondent,* v. METROPOLITAN SAVINGS BANK, *Appellant.*

CORPORATIONS — INSOLVENCY — DISSOLUTION — POWER OF TRUSTEES TO WIND UP AFFAIRS.

The fact that a corporation was insolvent and had determined at a meeting of its stockholders to discontinue business and distribute its assets among its creditors would not be sufficient under Bal. Code, § 4274, to authorize its trustees at that time to act as trustees of the creditors and stockholders, to the exclusion of a receiver, since that power and authority is given to the trustees only when the corporation is dissolved under the provisions of Id., § 4275, which require the presentment of a petition therefor to the superior judge of the county, and a hearing by him after publication of notice of the petition for eight weeks, when an order of dissolution may be entered, if the judge is satisfied that all preliminary steps therefor have been taken as prescribed by the statute, and that all claims against the corporation have been discharged.

SAME — RECEIVERS — WHEN APPOINTMENT AUTHORIZED.

The appointment of a receiver for an insolvent corporation is authorized under Bal. Code, § 5456, which provides therefor, "when a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights."

SAME — ENFORCEMENT OF CLAIMS THROUGH RECEIVER.

A creditor who has a valid claim has a right to enforce it against an insolvent corporation through a receiver authorized by the court to collect its assets, instead of being required to sue individual stockholders.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge.   Affirmed.

*Stiles & Nash,* for appellant.

*Bogle & Richardson* and *A. R. Titlow,* for respondent.·

PER CURIAM.—The complaint alleges that the plaintiff is a national bank; that the defendant is, and was at the times in the complaint mentioned, a banking corporation, with its principal place of business at Tacoma; that on the 20th of August, 1901, the plaintiff obtained a judgment in the superior court for Pierce county against the defendant for the sum of $18,625 and costs; that this judgment is unsatisfied; that on the 31st of October, 1901, execution was issued thereon and the return of the sheriff was to the effect that, after diligent search, he could find no property of the judgment debtor out of which to satisfy the judgment, and that demand was made on the defendant for the payment of the judgment, but payment was refused; that defendant now is, and for thirty months last past has been, wholly and quite insolvent, and unable to pay its debts; that it has an outstanding indebtedness above its just credits and offsets of more than $300,000; that the only assets the defendant has consist of the liability of the stockholders who subscribed to its capital stock, and that these assets do not exceed $150,000. There is an allegation that these assets are a trust fund, etc.; that the capital stock of the defendant is $200,000; that this has been fully paid, and that under the laws of the state there is $200,000 of liability on the stock. The indebtedness of the defendant, exclusive of the indebtedness of the plaintiff, is alleged as follows: Individual credit accounts, $102,913.40; Savings Bank accounts, $273,711.26; certificates and deposits, $226,172.69; cashier's checks, $681.84; certified checks, $945.48; exchange account, $212.44; due banks, $3,803.50, together with interest thereon for several years, and on which indebtedness there has been a payment of less than thirty per cent. of the whole. There is an allegation that the defendant has sold or attempted to sell all of

its assets which were of a tangible nature, leaving its assets now the liability on its subscribed capital stock imposed under the laws of the states, and some equities and accounts and choses in action of but small value, all of which assets of said bank were of a value not to exceed the sum of $150,000; that some of the subscribers to said capital stock are wholly and quite insolvent, and the full liability thereof as an asset cannot be realized. It is further alleged that as to the transfer and sale of the assets the plaintiff does not know as to the validity or *bona fides* of the same, but does know that under no circumstances is the said bank solvent, and does know that the said bank is now and has been wholly and quite insolvent. The plaintiff prays, among other things that a temporary receiver be appointed on notice given to the defendant, to take charge of all the books of the said defendant, and each and all the assets of the same of every nature and kind and description, and bring such suits as may be necessary to prevent a bar of the statute of limitations upon any chose in action or right or claim that said bank may have, and control, manage, and gather in said assets under the direction and supervision of the court, and such other powers as the court may confer upon it. It is not necessary to set forth the other prayers of the complaint. The answer of the defendant relative to the insolvency of the corporation is as follows:

"It admits the allegations contained in paragraph 2 of said complaint excepting that it alleges that it was dissolved as a corporation on the 27th day of May, 1898, and that at all times since said date it has existed as a corporation only for the purpose of liquidation."

It denied that there was any outstanding indebtedness over and above all its just credits and offsets and which are due and unpaid, of more than $300,000, but admitted

that its only indebtedness is the judgment of the plaintiff herein. It denied that it has assets consisting of the liabilities of its stockholders in the sum or to the value of $150,000, or in any other sum whatever, or that it has any assets of any kind or character whatever, and denies each and every allegation relative to the liability of the stockholders who subscribed to its capital stock. It denied that the assets of the corporation are a trust fund for all the creditors, and that they should be collected and conserved for the benefit of the creditors, and distributed *pro rata* between the creditors under the order of the court; and it denied that the plaintiff had no remedy at law for the collection of the debt. It denied that there remained upon the capital stock a liability under the laws of the state of $200,000, a large part of which was worthless. It denies the outstanding indebtedness of the said defendant, except the indebtedness on the judgment mentioned in the complaint. It admits that it sold some of its assets in 1898, and that it either sold or collected in money all of its assets of any kind during that year, and denied that there was any liability from the stockholders.

Two separate defenses were also made, but on motion these were stricken. The first allegation of the first separate defense is as follows:

"That heretofore, on the 27th day of May, 1898, this defendant was insolvent, and had not assets or property sufficient to pay its creditors in full, and that thereupon, upon that day, at a meeting of its stockholders, it was duly resolved and ordered that because of its said insolvency it should be forthwith dissolved, cease transacting business, and its assets be distributed ratably among its creditors; and thereafter, upon the same day, its board of directors passed and adopted like resolutions, and that thereupon and from that date defendant was dissolved in fact, and ceased to transact any of its chartered business."

Notice was given to the defendant that an application would be made for the appointment of a receiver, which was duly served on the defendant. The motion was for the appointment of a temporary receiver over the property and assets of the defendant. The order of the court appointing the receiver was as follows:

"This cause coming on for hearing on this 19th day of November, A. D. 1901, at the hour of ten o'clock, A. M., before Honorable W. H. Snell, judge of the aforementioned court, upon the application of the above named plaintiff, the New York National Exchange Bank, for a receiver of the assets and property of the above named defendant, the Metropolitan Savings Bank, an insolvent corporation, and the plaintiff appearing by its attorney, A. R. Titlow, and the defendant appearing and filing its answer and affidavit in support of the same, and appearing by its attorneys, Messrs. Stiles & Nash, and asking a continuance until two o'clock, P. M. of said day, and said continuance being granted; and at the hour of two o'clock, P. M. of said day this cause coming on further for hearing on said application, and the plaintiff appearing by its attorneys, A. R. Titlow and W. H. Bogle, and the defendant appearing by its attorneys, Stiles and Nash, and said application coming on for hearing upon the complaint and affidavit in support of plaintiff's motion for a receiver, and it appearing to the court that summons, complaint and notice for application on this day having been duly and properly heretofore served upon said defendant, and the defendant having herein filed its answer resisting said application for a receiver, and filing the affidavit of G. L. Holmes in support of such resistance, and said answer and the said application having come on for hearing upon the complaint, affidavit supporting said complaint and the answer and the affidavit supporting said answer and resisting said complaint; and the matter having been fully presented for and on behalf of the plaintiff and for and on behalf of the defendant.

"The court now finds from the allegations in the complaint and the admissions in the answer that the plaintiff,

the New York National Exchange Bank, is a judgment creditor of the defendant, Metropolitan Savings Bank, a corporation, in the sum of $18,625.31, together with costs in obtaining said judgment in the action wherein the same was obtained, in the sum of $20.00;

"That said judgment was obtained for said amount on the 20th day of August, 1901. That heretofore on the 31st day of October, A. D. 1901, plaintiff herein issued execution on said judgment, which was obtained in department three of the superior court of the state of Washington in and for the county of Pierce, and that the sheriff made his return, and, after a proper and diligent search, and demand having been made (which demand was made upon the defendant for the payment of the said judgment or property to satisfy the same) has found no property within the county of Pierce to satisfy said judgment, which could be levied upon under said execution. Said return was made on the 11th day of November, A. D. 1901, by the sheriff of Pierce county, state of Washington.

"The court further finds that said judgment is in full force and effect, unappealed from and wholly unsatisfied.

"The court further finds that the defendant, the Metropolitan Savings Bank, is now, and at all of the times mentioned in the complaint, was a banking corporation organized and existing under and by virtue of the laws of the state of Washington, with its principal place of business and headquarters in the city of Tacoma, Pierce county, state of Washington.

"The court further finds that at this time and at the time of the commencement of this action, and for a period of time prior thereto the said defendant, the Metropolitan Savings Bank, was an insolvent corporation and unable to pay its debts.

"The court further finds that the said defendant, the Metropolitan Savings Bank, has some assets that are not subject to a levy under an execution at law, and cannot be reached in the ordinary procedure in an action at law; and that said assets are a trust fund for the benefit of all of the

creditors of said corporation under the laws of the state of Washington, and should be collected and conserved for the benefit of said creditors, to be distributed under the orders of this court.

"The court further finds that the plaintiff in this action is a judgment creditor of the above named defendant and has no speedy or adequate remedy at law for the collection of its debt.

"The court further finds as a conclusion of law that plaintiff is entitled to have a receiver appointed for the defendant corporation to take charge of all of the books of the said defendant corporation and each and all of the assets of said corporation of every nature and kind and description, with the ordinary and full powers of a receiver in similar or like cases under the laws of the state of Washington.

"Wherefore, it is ordered, adjudged and decreed that G. W. H. Davis, a citizen and resident of Pierce county, state of Washington, be and he is hereby appointed receiver of the Metropolitan Savings Bank, an insolvent corporation, the above named defendant; and,

"It is hereby ordered, adjudged and decreed that said receiver at once take charge and possession of all of the books of the said defendant corporation of whatever nature or kind and wherever found belonging to said defendant corporation, or used in connection with any of its business, and documents and muniments of title, and any and all letters, writings or papers of whatever nature or kind, relating to or pertaining in any wise to the business of the said defendant corporation, or its predecessor in interest, the Tacoma Building and Savings Association, and any and all papers or documents that in any wise appertain to the business of the said defendant corporation, or its predecessor, the Tacoma Building and Savings Association; and all of the assets of the said defendant corporation, the Metropolitan Savings Bank, be it realty, personal property or mixed, of whatever nature or kind, and wherever found, and take the custody, possession and care and control of the same, and retain such, and every part

thereof, subject to the orders of this court. All of the officers, agents, servants and employees, or bailees, and any and all persons or corporations having such property in their possession are hereby ordered and directed to at once turn over any such that they may have in their custody, care and control or possession to the said receiver, G. W. H. Davis, and that said receiver is hereby

"Ordered and directed to at once take whatever steps are necessary to recover any such from any person that may have such or any part thereof, in their possession, or under their control, and to bring any and all suits necessary to carry out this order; and to at once investigate and bring any and all suits necessary to recover on any choses in action, or liability, or rights of action that such receiver may have, or said bank might have had, and prosecute the same to final judgment in any and all cases that he may deem advisable, including suits against stockholders of the said Metropolitan Savings Bank, a corporation, on their liability, if any there be under the constitution and laws of the state of Washington, and to hold such after such recovery until the further orders of this court.

"It is further ordered that said receiver, G. W. H. Davis, be and he is hereby required, before entering upon his duties as such receiver herein, to execute a bond running to Robert P. Rigney, clerk of this court, and for the use and benefit of all parties therein interested, in accordance with the laws of the state of Washington in such cases made and provided, with good and sufficient sureties as required by law, in the sum of one thousand dollars ($1,000), and take his oath of office as required by the laws of the state of Washington, and upon taking such oath and executing said bond, that he enter at once upon the discharge of the duties of his said office.

"It is further ordered that upon the taking of the oath of office by said receiver and executing said bond, as required by law, that said receiver give notice to any and all creditors of said defendant corporation, the Metropolitan Savings Bank, to within sixty days from the date of the first publication of notice that they present and file

their verified claims to said receiver for his disapproval
or approval, and that any and all such claims that are not
presented within such time be and the same shall be
barred and disallowed.

"It is further ordered, adjudged and decreed that said
receiver publish said notice in the Tacoma Daily Ledger,
a daily newspaper published in Tacoma, Pierce county,
state of Washington, once each week for four consecutive
weeks, beginning on Friday, the 22d day of November,
A. D. 1901, and each Friday thereafter for four consecu-
tive weeks, making five publications in all.

"It is further ordered, adjudged and decreed that John
A. Shackleford and A. R. Titlow, attorneys at law practic-
ing at this bar be, and they are hereby appointed and di-
rected to act as counsel and attorneys for said receiver in
all matters pertaining to his receivership and bring any
and all necessary suits that may be required in the dis-
charge of the duties of the said receiver in his said trust
herein.

"Done in open court this 19th day of November, 1901.
                    W. H. SNELL, Judge of said Court."

The appeal to this court is from the order appointing
the receiver. The appellant contends that the trustees at
the time of the dissolution are the persons who are charged
with the duty of recovering the debts and property of the
corporation, and cites in support thereof § 4274, Bal. Code,
which is as follows:

"Upon the dissolution of any corporation formed under
the provisions of this chapter, the trustees at the time of
the dissolution shall be trustees of the creditors and stock-
holders of the corporation dissolved, and shall have full
power and authority to sue for and recover the debts and
property of the corporation by the name of the trustees of
such corporation, collect and pay the outstanding debts,
settle all its affairs, and divide among the stockholders
the money and other property that shall remain after the
payment of the debts and necessary expenses."

Section 4275, Bal. Code, is as follows:

36—28 WASH.

"Any corporation formed under this chapter may dissolve and disincorporate itself by presenting to the superior judge of the county in which the office of the company is located a petition to that effect, accompanied by a certificate of its proper officers, and setting forth that at a meeting of the stockholders, called for the purpose, it was decided, by a vote of two-thirds of all the stockholders, to disincorporate and dissolve the corporation. Notice of the application shall then be given by the clerk, which notice shall set forth the nature of the application, and shall specify the time and place at which it is to be heard, and shall be published in some newspaper of the county once a week for eight weeks, or if no newspaper is published in the county, by publication in the newspaper nearest thereto in the state. At the time and place appointed, or at any other time to which it may be postponed by the judge, he shall proceed to consider the application, and if satisfied that the corporation has taken necessary preliminary steps and obtained the necessary vote to dissolve itself, and that all claims against the corporation are discharged, he shall enter an order declaring it dissolved."

It is not claimed that the defendant corporation was dissolved under the provisions of the section last quoted. We think that § 4274 applies only to a corporation dissolved under § 4275, and that the defendant corporation is still an existing corporation under the laws of the state; that it is insolvent; and that under the general statutes of the state the court was authorized to appoint a receiver for such insolvent corporation.

"A receiver may be appointed by the court in the following cases:  . . .  5. When a corporation has been dissolved or *is insolvent,* or is in imminent danger of insolvency, or has forfeited its corporate rights. 6. And in such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties.  . . ."  Bal. Code, § 5456.

In *Oleson v. Bank of Tacoma,* 15 Wash. 148, 152 (45 Pac. 734), the court, after quoting the above section, says:

"Such being the provisions of our statute, it seems too clear for argument that the court of proper jurisdiction has a right to appoint a receiver, at the instance of any party interested, whenever it is made to appear to it that such corporation *is insolvent*, or has forfeited its corporate rights. No other conditions are imposed by the statute, and to import any other would be judicial legislation. Hence it must be held that it is the duty of the superior court of the proper county to appoint a receiver of an insolvent corporation whenever an interested party asks for such action on its part, and establishes the fact of such insolvency to the satisfaction of such court. The large number of cases cited by appellants upon the question as to when a receiver will be appointed were all decided under statutes unlike ours, and can furnish little aid in its construction. In fact, there is no room for construction. The statute is in express terms, and its language is capable of but one interpretation; and thereunder it must be held that a creditor has only to establish the fact that he is such, and that the corporation of which he is such creditor is insolvent, to make it the duty of the proper court to appoint a receiver to take possession of the property of such corporation and close up its affairs."

The judgment of the respondent is not barred by the statute of limitations, and is a valid, subsisting claim against the insolvent corporation. We do not think there has been shown laches on the part of the respondent. We think that at any time while the claim was valid and subsisting, the creditor had the right to enforce his demands against the insolvent corporation through a receiver authorized by the court to collect its assets. We are also of the opinion that a proceeding in equity by a receiver against all the stockholders to collect upon their liability as stockholders is a proper way to determine such liability, and that this remedy is to be preferred to one requiring the creditor to sue each individual stockholder. *Wilson v. Book*, 13 Wash. 679 (43 Pac. 939).

The order of the court is, in effect, an order appointing a temporary receiver. It gives no powers of distribution of assets or for winding up the affairs of the defendant corporation, and gives nothing more than full and complete authority to said receiver to take charge and possession of the assets of the corporation. The law authorizes the court to appoint a receiver for an insolvent corporation. We perceive no abuse of discretion in the exercise of this power in this case.

The judgment of the court below is affirmed, with costs to the respondent.