[No. 5994. Decided January 23, 1906.]

D. W. R. DAVIS, *Respondent,* v. GEO. W. EDWARDS *et al., Appellants.*[1]

APPEAL—JURISDICTION—APPEALABLE ORDERS—ORDER REFUSING TO VACATE APPOINTMENT OF RECEIVER. An order denying a motion to vacate the appointment of a receiver is an appealable order.

RECEIVERS — FOR INSOLVENT CORPORATION — APPOINTMENT AT INSTANCE OF SIMPLE CONTRACT CREDITOR. A receiver may be appointed for an insolvent corporation upon the suit of a simple contract creditor upon a showing of insolvency, and without any showing that judgment and execution would be a useless formality.

SAME—JURISDICTION TO APPOINT—WAIVER OF NOTICE OF APPLICATION BY DE FACTO PRESIDENT. The jurisdiction to appoint a receiver for an insolvent corporation upon the waiver of notice of the application by the president of the corporation, does not depend upon the consent of the president, nor upon the question whether the acting president had title to the office or authority to waive notice.

[1]Reported in 84 Pac. 22.

SAME—COLLUSION—EVIDENCE. The charge of collusion between the president and officers of a corporation, resulting in the appointment of a receiver, is not sustained by proof to the effect that they preferred the appointment of a receiver to the securing of liens and the sale of the property.

SAME—INSOLVENCY—FINDINGS—EVIDENCE—SUFFICIENCY. Findings of the trial court upon an application for the appointment of a receiver of an insolvent mining corporation, that the corporation was insolvent, will be sustained on appeal where the evidence is conflicting and proof of insolvency not convincing, and where the witnesses who had had the management and control of the corporation testified that it was insolvent, and none of the parties interested offered to pay the small claim for which the suit was brought.

Appeal from an order of the superior court for King county, Frater, J., entered August 5, 1905, after a hearing on an application of interveners, refusing to vacate an order appointing a receiver. Affirmed.

*Walter H. Bond* and *Leroy V. Newcomb (Bond & Babson,* of counsel), for appellants.

*Brady & Gay* and *Buchanan & Phillips,* for respondent.

RUDKIN, J. — Plaintiff brought this action to recover $192.50 for services performed by himself and his two minor sons for the defendant corporation. In addition to the prayer for a personal judgment, the complaint alleged that the defendant corporation was insolvent, and wholly unable to pay its just debts as they became due in the course of its business, and asked that a receiver be appointed. The defendant corporation, through its president, acknowledged service of the complaint and summons, entered an appearance in the action, and waived notice of the application for the appointment of the receiver. On the 14th day of July, 1905, the court made an order reciting the foregoing facts;

"And it appearing to the court from the said petition, and from the proofs offered, and from the admissions of the defendant in the open court, that the Consolidated Coal Company, a corporation, is insolvent and wholly unable to pay,

its just debts as they become due in the course of its business; that it has stopped working at its mine; that it has ceased to be a going concern and that there are claims and debts outstanding against the company now due which it is unable to pay,"

a receiver was appointed as prayed. On the following day the appellants, as stockholders of the defendant corporation, were allowed to intervene in the action. A petition in intervention was accordingly filed, denying certain allegations of the complaint, especially the allegation of insolvency, and alleging a controversy between the interveners and certain officers and stockholders of the corporation, over the ownership and the right to vote certain corporate stock at a stockholders' meeting, a contest over certain offices in the corporation, and collusion between the plaintiff and the officers of the defendant corporation, resulting in the appointment of the receiver. The petition prayed that the order appointing the receiver be vacated and that the costs of the receivership be taxed to the president of the defendant corporation. A hearing was regularly had on the motion of the interveners to vacate the order appointing the receiver, and from the order denying the motion, this appeal was taken.

The respondent moves to dismiss the appeal for the reason that the order in question is not appealable, and that this court is therefore without jurisdiction. He contends that the statute allowing an appeal from an order removing or or refusing to change the personnel of the receiver, and not refusing to remove a receiver applies only to orders changing to orders discharging or refusing to discharge a receiver. This statute was construed otherwise by this court in *State ex rel. Tilton v. Superior Court*, 7 Wash. 74, 34 Pac. 431. In passing on this question the court said:

"The language of the statute is that an appeal will lie 'from an order appointing or removing or refusing to appoint or remove a receiver,' and, when superficially examined, would seem to justify the contention made by the relators. A more careful examination of the statute, however, leads us to

the conclusion that the legislature could never have intended to allow an appeal from an order made by a superior court removing a receiver for the purpose of appointing some person deemed more suitable in his place, nor from the order appointing such person to take such place. In our opinion, the legislature intended only to provide for appeals at the instance of the aggrieved party from a determination of the court as to the right to have a receiver to take charge of the corporation or estate in controversy."

The motion to dismiss is therefore denied.

The first contention of the appellants is that a court will not appoint a receiver at the instance of a simple contract creditor, unless it is manifest that the obtaining of a judgment and the return of an execution unsatisfied will be a useless formality. Whatever the rule may be in other jurisdictions, the rule is established in this state that a simple contract creditor, whose claim is not controverted, is entitled to a receivership against a debtor corporation upon a mere showing of insolvency. In *Oleson v. Bank of Tacoma,* 15 Wash. 148, 45 Pac. 734, the court said:

"Such being the provisions of our statute, it seems too clear for argument that the court of proper jurisdiction has a right to appoint a receiver, at the instance of any party interested, whenever it is made to appear to it that such corporation is insolvent, or has forfeited its corporate rights. No other conditions are imposed by the statute, and to import any other would be judicial legislation. Hence it must be held that it is the duty of the superior court of the proper county to appoint a receiver for an insolvent corporation whenever an interested party asks for such action on its part, and establishes the fact of such insolvency to the satisfaction of such court."

The next contention is that the petition for the appointment of the receiver does not sufficiently show insolvency. We will consider this question in connection with the affidavits filed in support of and against the motion to vacate.

It is next contended that the court was without jurisdiction because the president of the corporation had no authority

to consent to the appointment of the receiver, and because the person who accepted and waived service in this case was not, in fact, the president of the corporation. It is a sufficient answer to the first contention to say that the jurisdiction of the court to appoint the receiver did not rest on the consent of the president of the corporation. The court appointed the receiver after a full hearing. The president of the corporation simply waived notice of the application. An attorney for the company might have done this, and we know of no reason why the head of the corporation should not have equal authority. The person who appeared as president of the corporation was at least the acting president at the time, and the respondent was not required to look beyond this. The strife within the corporation did not concern him, and the title to an office could not be tried in this proceeding.

It is next contended that the receiver was appointed through collusion between the respondent and the officers of the defendant corporation. We do not think that the charge of collusion is sustained. The most that can be urged in support of this charge is that the president and other officers of the corporation preferred that a receiver be appointed rather than that a lien be filed and the property sold in that way. These officers were interested as stockholders and creditors, and the fact that they expressed such preference or recommended such a proceeding, in the event that the respondent was determined to sue, does not sustain a charge of collusion.

The only remaining question and the vital question in the case is the question of insolvency. The proof shows that the corporation was indebted to the amount of about $12,000, that it had no income and was not a going concern. On the other hand, its tangible assets consisted of 160 acres of coal land, a twenty-five year lease on an additional 160 acres, a right of way about three miles in length and personal property of from one to two thousand dollars in value. The leasehold interest was subject to forfeiture at any time for the non-

payment of rent.  Some claim was made that several thousand dollars were due the corporation on stock subscriptions, but this was denied.  One witness expressed the opinion that by the expenditure of from $50,000 to $60,000 the property of the corporation would or might be worth $1,000,000.  Another witness estimated that there were 3,000,000 tons of coal underlying the two tracts of land, and that this was worth ten cents per ton in the ground.

On the other hand, witnesses who had the management and control of the corporation, and were familiar with its property and business, testified that it was insolvent.  Considerable portions of the affidavits are devoted to charges and countercharges against officers and stockholders of the corporation, and have no bearing upon the merits of the case. After a careful consideration of all the proofs, we are not disposed to disturb the conclusion reached by the lower court that the corporation is insolvent.  A satisfaction of the small demand in suit by any of the parties in interest would have demonstrated the solvency of the corporation, so far as any rights of the respondent are concerned.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, DUNBAR, and ROOT, JJ., concur.