[No. 13875.  Department One.  November 12, 1917.]

JULIUS BLUM, *Respondent*, v. W. H. ROWE, *Appellant*, WASHINGTON MANGANESE COAL & COPPER COMPANY *et al.*, *Defendants*.[1]

RECEIVERS — GROUNDS — SIMPLE CONTRACT CREDITOR.  In the absence of statute, a simple contract creditor cannot, before judgment, maintain an action for a receiver of the property of an individual debtor, upon an allegation of insolvency and that the debtor was about to lose or squander his property; and Rem. Code, § 741, authorizing receivers for insolvent corporations has no application.

Appeal from an order of the superior court for King county, Dykeman, J., entered August 1, 1916, appointing a receiver *pendente lite*.  Reversed.

*E. P. Whiting*, for appellant.

*Jay C. Allen* (*Philip Tindall*, of counsel), for respondent.

WEBSTER, J.—Plaintiff brought this action to recover the sum of $310, alleged to be due him from the defendants and each of them, for work and labor performed and money expended at their special instance and request and for their benefit.  In addition, it is alleged that the defendants are insolvent and, unless a receiver is appointed to take charge of their property, certain mining claims which they hold under a lease will be lost by failure of the defendants to keep the leases in force, and other assets belonging to them will be dissipated and squandered.  The prayer is for a money judgment for the amount mentioned and that a receiver *pendente lite* be appointed to take charge of and manage the property and assets of the defendants, subject to the direction of the court.  The application for a receiver was denied as to the defendant corporations but granted as to the individual defendant W. H. Rowe, and a receiver was ordered to take charge of the mining claims and certain personal property

[1]Reported in 168 Pac. 781.

used in connection with them until the further order of the court. The defendant Rowe appeals.

The question for determination is: Can a simple contract creditor whose claim has not been reduced to judgment, and who is not asserting a lien against any specific property, maintain an action for the appointment of a receiver to take charge of and manage the property of an individual debtor, upon an allegation of insolvency and that the debtor is about to lose or squander his property? In the recent case of *Grays Harbor Commercial Co. v. Fifer*, 97 Wash. 380, 166 Pac. 770, this court held that:

"In an application for the appointment of a receiver, the plaintiff must show, (1) either that he has a clear right to the property itself, that he has some lien upon it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim; and (2) that the possession of the property by defendant was obtained by fraud, or that the property itself, or the income arising from it, is in danger of loss from neglect, waste, misconduct, or insolvency. . . .

"Until a creditor has obtained a judgment at law for his demand against the debtor, and the return of an execution unsatisfied, an action in equity will not lie to reach assets and apply them to the payment of a moneyed demand arising upon a contract, express or implied. Allegations of insolvency do not change this rule."

In that case as in this, the defendant for whose property the receiver was appointed was an individual and not a corporation, and consequently the rule announced in *Oleson v. Bank of Tacoma*, 15 Wash. 148, 45 Pac. 734; *New York National Exchange Bank v. Metropolitan Savings Bank*, 28 Wash. 553, 68 Pac. 905, and *Davis v. Edwards*, 41 Wash. 480, 84 Pac. 22, has no application. In those cases, it was held that subd. 5 of § 741, Rem. Code, in express terms and in language capable of but one interpretation, provides that a creditor has only to establish the fact that he is such and that the corporation of which he is a creditor is insolvent, to make it the duty of the proper court to appoint a receiver to

take possession of the property of the corporation and close up its affairs. With respect to corporations, the statute provides:

"A receiver may be appointed by the court in the following cases: . . . 5, when a corporation has been dissolved or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights."

It seems plain, under this language, and the court so held, that the right to the appointment of a receiver in such cases is made to depend solely upon the character of the defendant and the status of its affairs and not upon the nature of the plaintiff's claim. We have no similar statute relating to appointment of receivers for individual, as distinguished from corporate, debtors, and must therefore look to the general law upon the subject.

In High on Receivers (4th ed.), § 406, the rule as to the right to maintain an action for the purpose of putting a receiver upon the property of a debtor is in conformity with our holding in the *Fifer* case, *supra*, and is in this language:

"Having already shown that the aid of a receiver is extended only in behalf of creditors who have fully exhausted their remedy at law, it follows necessarily that the jurisdiction will not be exercised in favor of mere general creditors, whose rights rest only in contract and are not yet reduced to judgment, and who have acquired no lien upon the property of the debtor. Courts of equity will not permit any interference with the right of a debtor to control his own property, at the suit of creditors who have acquired no lien thereon, and whatever embarrassment the creditor may experience, by reason of the slow procedure of the courts of law, must be remedied by legislative and not by judicial authority. And while there are a few instances where the courts have maintained a contrary doctrine, the great weight of authority supports the rule, that, in the absence of statutory provisions to the contrary, a general contract creditor, before judgment, is not entitled either to an injunction or a receiver against his debtor, upon whose property he has acquired no lien. Any interference with the debtor's property, or with his right of disposing of it, before judgment, is beyond the judicial power,

and courts of equity will not extend their extraordinary jurisdiction beyond the limits fixed by the authorities."

"The reason of the rule seems to be, that until the creditor has established his title, he has no right to interfere, and it would lead to an unnecessary, and, perhaps, a fruitless and oppressive interruption of the exercise of the debtor's rights. Unless he has a certain claim upon the property of the debtor, he has no concern with his frauds." Chancellor Kent, in *Wiggins v. Armstrong*, 2 Johns Ch. 144.

We conclude that the action of the court, in appointing the receiver, was erroneous, and the order is reversed.

ELLIS, C. J., MAIN, MORRIS, and CHADWICK, JJ., concur.