[No. 15660. Department Two. March 23, 1920.]

R. J. BIEHN, *Respondent,* v. AETNA INVESTMENT COMPANY, *Appellant.*[1]

CORPORATIONS (217, 218)—INSOLVENCY—APPOINTMENT OF RECEIVER —DIVERSION OF ASSETS. A receiver may be appointed of an insolvent corporation that had disposed of all its assets to its president, notwithstanding creditors had a remedy to proceed directly to have the transfer set aside.

Appeal from an order of the superior court for King county, Smith, J., entered July 26, 1919, appointing a receiver, after a hearing before the court. Affirmed.

*Hartman & Hartman,* for appellant.

*Ryan & Desmond* and *Bates & Peterson,* for respondent.

TOLMAN, J.—One John Biehn, for a valuable consideration, conveyed certain real estate to appellant upon which there was a mortgage, and in the deed of conveyance was a provision to the effect that the grantee assumed and agreed to pay the mortgage. Thereafter the interest which became due on the mortgage on July 1, 1918, was not paid, and on July 23, 1918, the mortgagee began foreclosure proceedings in

[1]Reported in 188 Pac. 489.

which appellant was made a party defendant, and which resulted in a deficiency judgment against the appellant for $3,001.65, and interest. In April, 1918, prior to the default in the payment of interest on the mortgage, and some months before the entry of the deficiency judgment, appellant conveyed all of its property of every kind to Calvin Philips, its president, and the sole owner of its capital stock, and, it is claimed, its only unsecured creditor, in partial satisfaction, it is alleged, of an indebtedness owing from it to him of upwards of $30,000. In October, 1918, the deficiency judgment was duly assigned to respondent, who, after failure to collect on execution, brought this action, alleging the insolvency of the appellant; that its assets had been transferred without consideration and in fraud of creditors; and praying for the appointment of a receiver for the purpose of preserving and protecting the assets of appellant. From an order appointing a receiver and directing him to take charge of all books, records, property and assets of appellant, and manage and control the same subject to the order of the court appointing him, this appeal is prosecuted.

The only error assigned is that the court erred in making the order appointing the receiver. It is urged here that the appointment of the receiver was a useless thing, because the insolvent corporation had already disposed of all its assets; there was nothing for the receiver to receive, and that, if respondent was of the opinion that the transfer by the corporation of its assets to Philips was fraudulent and void as to creditors, he might prosecute his action directly to set aside such transfer without the intervention of a receiver. While a judgment creditor may undoubtedly prosecute an action to set aside transfers deemed to have been made in fraud of creditors, yet such action must be brought on behalf of all of the creditors similarly sit-

uated and carried through to judgment at the expense of the plaintiff therein, and such creditors as may join with him. Having no right to the possession of the books and records of the corporation, the creditor so proceeding might be in a far less favorable position to procure the necessary evidence and prosecute the action successfully than would a receiver having possession of all the books and records, acting under the direction of the court, and representing all of the creditors. Nor can it be said that a corporation which has transferred its assets in favor of its creditors has no assets justifying the appointment of a receiver to conserve and recover. In view of the trust fund doctrine of this state, as applied to insolvent corporations, the bare allegation that the corporation, while insolvent, has transferred its assets to one creditor to the exclusion of others, presents a situation inviting the intervention of a court of equity; and notwithstanding the fact that the excluded creditor may attack the transfer directly, a court of equity may proceed through its own officers to set aside the transfer and enforce the trust fund doctrine. This court has, in an unbroken line of decisions, upheld the appointment of receivers for insolvent corporations. *Oleson v. Bank of Tacoma,* 15 Wash. 148, 45 Pac. 734; *New York National Exchange Bank v. Metropolitan Sav. Bank,* 28 Wash. 553, 68 Pac. 905; *Davis v. Edwards,* 41 Wash. 480, 84 Pac. 22; *Blum v. Rowe,* 98 Wash. 683, 168 Pac. 781, L. R. A. 1918C 630.

Nothing is shown in this case warranting a departure from the general rule, and the judgment appealed from is therefore affirmed.

HOLCOMB, C. J., FULLERTON, BRIDGES, and MOUNT, JJ., concur.