[No. 20897.   Department One.   March 13, 1928.]

LESLIE A. SMITH, *Respondent,* v. SOLOMON VALLEY
DREDGING COMPANY, *Appellant.*[1]

[1] CORPORATIONS (217)—INSOLVENCY—APPOINTMENT OF RECEIVER.
Under Rem. Comp. Stat., § 741, a contract creditor whose rights
have not been reduced to judgment may maintain an action
for the appointment of a receiver of an insolvent corporation.

Appeal from an order of the superior court for King
county, Douglas, J., entered July 8, 1927, appointing
a receiver for an insolvent corporation.   Affirmed.

*H. E. Foster,* for appellant.

*Byers & Byers* and *Jas. A. Dougan,* for respondent.

MITCHELL, J.—This action was brought in the su-
perior court of King county in June, 1927, by Leslie A.
Smith against the Solomon Valley Dredging Company,
a corporation having its principal place of business in
Seattle, to recover judgment in the sum of $1,431.17
alleged to be the balance due on account of labor per-
formed for the defendant in the year 1926.   It was
further alleged that the corporation was insolvent and
unable to pay its debts in the ordinary course of busi-
ness and that its assets were in danger of being dissi-
pated.   Among other things, the appointment of a
receiver was asked.   In response to a show cause order,
the defendant appeared and resisted the application
for a receiver.   The application was heard upon affi-
davits.   A receiver was appointed.   The defendant has
appealed.

[1]   Section 741, Rem. Comp. Stat. [P. C. § 8414],
provides:

"A receiver may be appointed by the court in the
following cases:   . . .

[1]Reported in 264 Pac. 1009.

"5. When a corporation has been dissolved or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights; . . ."

We have examined the proof in this case and find that it clearly shows outstanding indebtedness, including a judgment, in considerable amounts altogether against the appellant, not being paid and that its business was carried on at a loss of approximately $4,000 the last year.

In this state, the rule is that, as against creditors, a corporation is insolvent when it is unable to pay its debts in due course of business. *Nixon v. Hendy Machine Works*, 51 Wash. 419, 99 Pac. 11; *Ronald v. Schoenfeld*, 94 Wash. 238, 162 Pac. 43; *McKay v. Sperry Flour Co.*, 95 Wash. 209, 163 Pac. 377; *McKnight v. Shadbolt*, 98 Wash. 665, 168 Pac. 473.

Appellant relying on High on Receivers (4th ed.), § 406, contends, as we understand, that the power to appoint a receiver will not be exercised in favor of general creditors whose rights rest only in contract not yet reduced to judgment and who have acquired no lien upon the property of the debtor. It may be admitted that generally speaking such is the rule. However, it has been modified by our statute in the case of insolvent corporations. *Oleson v. Bank of Tacoma*, 15 Wash. 148, 45 Pac. 734; *Davis v. Edwards*, 41 Wash. 480, 84 Pac. 22. It is the insolvency of the corporation that constitutes the ground for the receivership. As was said in the case of *Oleson v. Bank of Tacoma*,

"No other conditions are imposed by the statute, and to import any other would be judicial legislation. Hence it must be held that it is the duty of the superior court of the proper county to appoint a receiver of an insolvent corporation whenever an interested party asks for such action on its part, and establishes the fact of such insolvency to the satisfaction of such court."

It may be admitted that an interloper would not be permitted to invoke this extraordinary equitable remedy, but the respondent here is not a meddler, since it appears by the clear and almost overwhelming preponderance of the evidence that his claim or demand is *bona fide*. He is shown to be an interested party within the rule.

Affirmed.

PARKER, TOLMAN, and FRENCH, JJ., concur.