William D. Strachan ⎫
     vs.      ⎬ Eq. No. 11696.
Joseph Almond ⎭

August 30, 1932.

FROST, J. Heard upon petition for the appointment of a Receiver, which petition is objected to by the respondent.

This is a petition brought by a simple contract creditor for the appointment of a receiver over the estate and effects of an individual.

The petition avers that the respondent is insolvent; that another creditor has attached certain goods and chattels belonging to the respondent and that the respondent himself is confined in the State Hospital for Mental Diseases.

It does not appear in this case that any business is suffering through mismanagement or through lack of management, nor does it appear that assets of any sort are subject to waste or loss in the absence of the owner.

A Court of Equity ordinarily has no power to appoint a receiver over an individual at the instance of a simple contract creditor except upon statutory authority.

Clark on Receivers 2nd Edition Vol. 1, p. 210 et seq.

Tardy's Smith on Receivers 2nd Edition Vol. 1, pp. 650, 651.

Blum vs. Rowe, (1918) 98 Wash. 683.

While it is true that in some cases Equity has taken jurisdiction over a respondent upon the petition of a creditor who has not obtained a judgment or who has not secured a lien upon the property of the respondent, it ordinarily requires the creditor to exhaust his remedies at law before seeking its aid.

In the present instance the Court thinks that the facts appearing in the petition do not require that the Court treat this case as an exception to the general rule. It seems, rather, in this case that the Court should not assume the possession and custody through its receiver of the respondent's property, but that such property should remain in the possession of its owner subject to any steps at law that any creditor may desire to pursue.

The petition is denied.
For complainant: Gilmartin & Toole.
For respondent: Sallet & Ress.