[No. 26166. *En Banc.* December 4, 1936.]

A. W. KREIDE *et al., Appellants,* v. THE INDEPENDENCE LEAGUE OF AMERICA, *Respondent.*[1]

*Lloyd W. Shorett,* for appellants.

*R. E. McCullough,* for respondent.

BEALS, J.—December 5, 1935, plaintiffs recovered a money judgment, aggregating over five thousand dollars, against the defendant corporation. The judgment recites the appearance of the parties, the consideration of certain matters by the court, and that the parties in open court stipulated that judgment

[1]Reported in 62 P. (2d) 1101.

might be entered upon certain designated causes of action as set forth in plaintiffs' complaint, in accordance with the demand thereof. The judgment being wholly unsatisfied, plaintiffs applied for an order requiring the defendant corporation, through its officers, to appear and show cause why a receiver should not be appointed to take possession of its assets. Such an order having been made, defendant appeared in response thereto, and a hearing was had, both upon affidavits and oral testimony, whereupon the court made and entered an order denying plaintiffs' application for the appointment of a receiver, from which order plaintiffs have appealed.

Respondent moves to dismiss this appeal, alleging in support of its motion that the court was without authority to enter the order to show cause above referred to; that appellants' complaint sounded in tort, rather than in contract, and that no authority exists for a levy on trust property under a tort judgment; and finally, that appellants' complaint fails to state a cause of action against respondent. None of the grounds assigned in support of respondent's motion calls for the dismissal of this appeal, and the motion is denied.

Appellants rely upon Rem. Rev. Stat., § 741 [P. C. § 8414], subd. 5, which, so far as here material, reads as follows:

"A receiver may be appointed by the court in the following cases:— . . .

"5. When a corporation . . . is insolvent, or is in imminent danger of insolvency . . ."

From the record, it appears beyond question that respondent corporation is insolvent. Such insolvency was practically admitted by respondent's officers upon the hearing held pursuant to the order to show cause. Appellants contend that, as they have

an unsatisfied judgment against an insolvent corporation, they are entitled to have a receiver appointed for respondent. In support of their contention, appellants cite the following authorities: *Oleson v. Bank of Tacoma,* 15 Wash. 148, 45 Pac. 734; *New York Nat. Exchange Bank v. Metropolitan Savings Bank,* 28 Wash. 553, 68 Pac. 905; *Davis v. Edwards,* 41 Wash. 480, 84 Pac. 22; *Blum v. Rowe,* 98 Wash. 683, 168 Pac. 781; *Biehn v. Aetna Inv. Co.,* 110 Wash. 460, 188 Pac. 489; *Smith v. Solomon Valley Dredging Co.,* 147 Wash. 69, 264 Pac. 1009; *Snyder v. Yakima Finance Corp.,* 174 Wash. 499, 25 P. (2d) 108.

These cases establish the doctrine that, upon a showing that a corporation is insolvent and possesses assets, the court, under the statute above quoted, upon a proper application therefor, must appoint a receiver.

Respondent argues that it is a charitable, non-profit corporation, organized pursuant to Rem. Rev. Stat., §§ 3872, 3873 [P. C. §§ 4619, 4620], and that, for this reason, its affairs should not be placed in the hands of a receiver. Appellants are judgment creditors of respondent, the judgment having been entered pursuant to a stipulation of the parties entered into in open court. So far as the record before us discloses, no attack has ever been made upon this judgment. The record shows not only that respondent is insolvent, but that it has conveyed certain of its assets. We find nothing in the record which supports respondent's contention that, for the reasons stated, a receiver should not be appointed to take possession of its property. As to whether or not respondent may subsequently present any question as to the liability of its property to be applied in satisfaction of appellants' judgment, we express no opinion.

It is also suggested that the procedure followed

by appellants in seeking the appointment of a receiver was insufficient to confer upon the superior court jurisdiction to take such action, for the reason that appellants had a money judgment at law, and should have proceeded by way of a creditor's bill in equity or by the statutory proceedings supplementary to execution, pursuant to Rem. Rev. Stat., § 613 [P. C. § 7927] *et seq.*

It is true that jurisdiction to appoint a receiver, generally speaking, does not pertain to courts of law, unless specially conferred. Under the liberal procedure adopted in this state, the superior court is both a court of law and of equity. A cause instituted as an action at law may, at almost any stage of the proceedings, be changed to one of equitable cognizance, and proceed before the same judge sitting as a chancellor. The equitable powers of the court may be invoked as occasion may arise. The statutory proceedings supplementary to execution (Rem. Rev. Stat., § 613 [P. C. § 7927] *et seq.*) provide for the entry by the court of an order requiring a judgment debtor to appear before the court at a specified time and place to answer concerning property which it appears by affidavit he refuses to apply toward the satisfaction of an unsatisfied judgment. Section 640 [P. C. § 7953] provides that, at any time after the entry of such an order, or the issuance of a warrant of arrest, the judge before whom the order or warrant is returnable may appoint a receiver of the property of the judgment debtor. Corporations as well as individuals are subject to the procedure outlined by the sections referred to, and it does not appear that service of the order to appear and answer must be made by the sheriff.

In the case at bar, the court issued an order to show cause requiring respondent corporation to appear at

a time and place therein specified to show cause why a receiver should not be appointed to take possession of its assets. This order was issued pursuant to an affidavit filed by appellants' counsel, which is included in the bill of exceptions. As above stated, the order required the corporation, through its officers, to appear before the court at a specified time and place. While the order did not include a specific requirement that the officers appear to answer concerning any property which respondent might own and unjustly refuse to apply towards the satisfaction of appellants' judgment, the purpose of the inquiry clearly appears on its face.

An order in the words of the statute providing for proceedings supplementary to execution possibly requires a little more than the order here in question, as it directs the officers of the corporation to appear in person, while under an order to show cause they could appear by counsel. This, however, is an unsubstantial difference, and one of which respondent, under the circumstances of this case, may take no advantage. We see no reason why the superior court cannot assume equitable powers, if necessary to grant full relief, after the entry of its judgment as well as before.

It clearly appearing from the record that appellants have an unsatisfied judgment against respondent, and that respondent is insolvent and owns property which apparently is subject to the claims of its creditors, including appellants, the trial court erred in refusing to appoint a receiver for respondent upon appellants' demand.

The order appealed from is reversed, with instructions to appoint a receiver to take possession of the property belonging to respondent.

MILLARD, C. J., MITCHELL, TOLMAN, HOLCOMB, STEINERT, and GERAGHTY, JJ., concur.

BLAKE, J. (dissenting)—I dissent upon the ground that, under the application as made, the court had no jurisdiction to appoint a receiver. This case accentuates the vice of the rule laid down in *State ex rel. Panos v. Superior Court, post* p. 382. In that case, the application for receiver was at least made upon execution issued and returned unsatisfied. In this case, plaintiff did not even go to the trouble of causing execution to issue. The rule here established leaves to summary process the important function of appointing receivers—a method hitherto unrecognized. As I read the cases from this court cited in the majority opinion as authority in support of such a procedure, none of them sustains it. It is true that, in those cases, receivers were appointed for insolvent corporations, but only (1) upon a creditor's bill in equity, (2) upon application *pendente lite* or in the final judgment under authority of Rem. Rev. Stat., § 741 [P. C. § 8414], subd. 5, or (3) in supplementary proceedings under authority of Rem. Rev. Stat., § 640 [P. C. § 7953].

For the reasons stated in the dissenting opinion in *State ex rel. Panos v. Superior Court, post* p. 382, I think the judgment in this case should be affirmed.

MAIN, J., concurs with BLAKE, J.