[No. 35282.   Department One.   January 11, 1962.]

MICHAEL FLYNN METALS, *Appellant*, v. WALLACE M. HIBBARD, *as Receiver, Respondent.**

*Holman, Mickelwait, Marion, Black & Perkins, William M. Holman,* and *Robert L. Pirtle,* for appellant.

*Little, Palmer, Scott & Slemmons* and *Warren R. Slemmons,* for respondent.

PER CURIAM.—The respondent has moved to dismiss the appeal on the ground that an order refusing to dismiss a receiver and to appoint a new receiver is not appealable.

Our Rule on Appeal 14(5) specifically provides for an appeal "From any order appointing or removing, or refusing to appoint or remove, a receiver."

As pointed out in *State ex rel. Tilton v. Superior Court* (1893), 7 Wash. 74, 34 Pac. 431, this would seem to include the order here appealed from. Actually, as we concluded in the *Tilton* case, it does not. The rule has to do with orders beginning or terminating a receivership, or orders refusing to begin or to terminate a receivership; and the substantial rights of the litigants involved in such rulings warrant their being appealable.

*Reported in 367 P. (2d) 842.

The appellant here wants the receivership to continue, but is concerned simply with who is to be the receiver; and the personnel problem of who shall be the receiver is, by our statute, committed to the discretion of the superior court (RCW 7.60.010) and is not included in the orders designated as appealable in Rule on Appeal 14(5).

The early case of *State ex rel. Tilton v. Superior Court, supra*, is directly in point and has never been overruled. In that case the trial court had done what it refused to do in this case; it had removed one receiver and appointed another; and it was held that there was no appeal.

The court, in that case, was construing a statute governing appeals (Laws of 1893, c. 61, § 1(5) ), which was identical with our Rule on Appeal 14(5). The court there said that a superficial examination of the statute would seem to justify an appeal from such an order, but that a more careful examination had led the court (p. 76)

". . . to the conclusion that the legislature could never have intended to allow an appeal from an order made by a superior court removing a receiver for the purpose of appointing some person deemed more suitable in his place, nor from the order appointing such person to take such place. . . ."

After an analysis, as to when the statute applied, the court concluded:

". . . A receiver is simply an officer of the court, and as a legal proposition no party to the action has any interest in the person who shall act as such receiver, nor has the receiver himself any vested interest in the right so to act. In the cases at bar there is no contention raised as to the necessity of a receiver acting for the court in adjusting and closing up the affairs of the corporation. The only thing which is sought to be controverted is the right of the court under all the circumstances to decide as to the person who shall discharge the duties of such receiver. In our opinion, the decision of this matter is by our statute committed to the discretion of the superior court, and from his decision therein no appeal will lie."

The significance of the holding is heightened by the fact that there was a concurring opinion expressing the same

views as those urged on us by the appellant in this case.

Absent any issue of fraud or collusion on the part of the receiver, or of a judge—and there is none in this case—we adhere to the views expressed by the majority in the *Tilton* case.

The appeal is dismissed.