RICHARD P. TRAVERS

*v.*

AARON F. LEOPOLD.

*Filed at Ottawa May 9, 1888.*

1. PLEDGE—*what essential to pass title.*  Where stock is pledged for the payment of money borrowed, the pledgee or lender can only acquire title to the stock by its sale for non-payment, and the sale, in order to pass title, must be conducted in the mode required by law where personal property is pledged as security for a debt.

2. SAME—*evidence to show a mere pledge.*  While a transfer of stock, absolute in form, may be shown by parol evidence to be really a pledge to secure a debt, yet when that kind of evidence is relied on it ought to be clear and convincing.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. SMITH & PENCE, for the appellant:

The general property in goods pledged remains with the pledgor, and a special title, only, passes to the pledgee.  Benjamin on Sales, sec. 1; Jones on Pledges, secs. 1, 2, 4, 9; *West* v. *Beach,* 3 Conn. 82; *McLean* v. *Walker,* 10 Johns. 471; *Barrow* v. *Paxton,* 5 id. 258; *Romaine* v. *Van Allen,* 26 N. Y. 309; *Wright* v. *Ross,* 36 Cal. 414.

To make a pledge effectual security, it is necessary that the pledgor should have the legal title.  Jones on Pledges, secs. 9, 153.

An absolute transfer of stock may be shown, by parol evidence, to be really a pledge or security for a debt.  Jones on Pledges, sec. 155; *Smith* v. *Mining Co.* 14 Cal. 242; *Lanman's Appeal,* 68 Pa. St. 88.

A transfer of stock, whether registered on the corporate books or not, may be shown to be a pledge, and parol evidence is admissible to prove that fact.  Cook on Stocks and Stock-

holders, sec. 465; *Brick* v. *Brick*, 98 U. S. 514; *Wilson* v. *Little*, 2 N. Y. 443; *Ginz* v. *Stumph*, 73 Ind. 209; *Newton* v. *Fay*, 95 Mass. 505; *McMahon* v. *Macy*, 51 N. Y. 155; *Becher* v. *Flouring Mill Co.* 1 Fed. Rep. 276; *Burgess* v. *Seligman*, 107 U. S. 20; *Peugh* v. *Davis*, 96 id. 336; *Pinkerton* v. *Railroad Co.* 42 N. H. 424.

Until a legal sale is made, the pledgor is entitled to redeem. *Rozet* v. *McClellan*, 48 Ill. 347; *Cushman* v. *Hayes*, 46 id. 153; Story on Bailment, secs. 308, 318, 319, 346.

Messrs. MOSES & NEWMAN, for the appellee:

It is useless to discuss the legal propositions advanced by counsel in their brief. Many of them are not disputed. Others have no application to the facts at bar.

This is not a case requiring the application of legal principles, because the case is decided upon the conflict in the evidence, which decision is never disturbed by a reviewing tribunal unless the weight of the evidence compels such a result.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Richard P. Travers, against Aaron F. Leopold, to compel the assignment and delivery of three hundred shares of the stock of the Republic Iron Company of Michigan, alleged to be of the value of $30,000. It was alleged in the bill that the stock was pledged by the complainant in March, 1885, to the defendant, as security for a loan of $8400, which was to be repaid after the expiration of sixty days, with interest at the rate of six per cent; that defendant was to have one-half of all dividends that should be paid upon the stock, and one-half of all increase in its value from the time the stock was deposited with defendant. It is also alleged, that it was agreed that the stock should be assigned, on the books of the company, to the defendant, and

that new certificates should be issued to him, but it was understood that the assignment should not be a sale of the stock. The defendant put in an answer to the bill, in which he expressly denied that the transaction was a loan, but averred that he purchased the stock for $28 per share, and paid in cash, for the three hundred shares, $8400. A replication was filed to the answer, and on the hearing, on the pleadings and evidence, a decree was entered dismissing the bill. On appeal, the decree was affirmed in the Appellate Court.

There is no room for controversy in regard to the law which should control a case of this character. If the stock in question was pledged by the complainant to the defendant as security for the payment of $8400, which was loaned by the latter to the former, it is plain the defendant could only acquire title by a sale of the stock, on a failure of complainant to pay the money loaned at the time agreed upon, and the sale, in order to pass title, would have to be conducted in the mode required by law where personal property is pledged as security for money loaned. On the other hand, if the transaction was an absolute sale, as claimed by the defendant, then the complainant has no standing in a court of equity. Whether the transaction was a pledge or an absolute sale is a question of fact, which must be determined from the evidence heard by the chancellor.

The complainant testified, in substance, that Leopold offered $28 per share for the three hundred shares in question, which Travers refused; that Travers then asked Leopold to lend him $28 per share, and offered to pay six per cent interest, and to allow Leopold one-half the dividends and profits in case the latter should not call for payment within sixty days; that the stock was to be transferred, and was issued in the name of Leopold on March 19 or 20; that it was delivered on the 20th, and a check for $8400 was given therefor to Travers by Berlizheimer, the clerk of Leopold, who was then sick and absent; that Travers had the right to sell the stock at any time, and

28—124 ILL.

agreed to save Leopold harmless. The complainant, in his
version of the transaction, was not confirmed by any other wit-
ness. John McCrearer was present on the 3d of December,
1885, when complainant made a tender to the defendant, but
he only heard a part of the conversation, and about all he is
able to remember was, that he understood Leopold was to ad-
vance money to Travers for sixty days. Thomas Cudihy, for
the complainant, testified to a conversation he had with the
defendant a short time after Travers had made his claim on
defendant for the stock, in which the witness says defendant
stated that he advanced the money to Travers on the stock;
Travers had the right to call for the stock at any time within
sixty days from the time the money was advanced; they were
to divide the profits, and allow Leopold six per cent for the
use of the money while Travers had it, but if Travers did not
call for the stock within sixty days, then Travers would not
have any claim upon it. Another witness testified to a con-
versation with the defendant, in April, 1885, in which the de-
fendant asked him what he thought about that "stock of ours,"
"that stock that Dick and I have." The above is the substance
of the evidence relied upon to sustain the bill.

On the defence, the defendant testified that he bought the
stock, and paid therefor $28 a share; that the sale was ab-
solute. He denied the conversation detailed by the witness
Cudihy, but says he told the witness that he had bought the
stock from Travers at $28, and paid for it. In corroboration
of defendant, it was proven that the shares of stock were
transferred and delivered to defendant's agent, who paid the
complainant, in a check, $8400. At the same time the com-
plainant executed a receipt, stating that the money, naming
the amount, was received for three hundred shares of Republic
iron stock, at $28 per share. It was also proven that at the
time the trade was made between the parties the stock was
only worth $28 per share. One witness testified that he offered
defendant two hundred and fifty shares at that price. There

were other facts tending to establish defendant's claim that he purchased the stock, but it will not be necessary to refer to them here.

There is a clear want of evidence to sustain the bill. If the stock was pledged, and the complainant had, under the contract, a certain time to pay the debt and redeem the stock, it is strange that no witness was called to hear the contract, and it is also strange, when the shares of stock were absolutely transferred to defendant, that no writing was taken back showing complainant's rights in the stock. Moreover, the giving of the receipt, which has been referred to, was a strong circumstance tending to prove that there was no understanding that the stock was held in pledge, but the money paid over was paid on a purchase of the stock.

While we recognize the rule that an absolute transfer of stock may be shown, by parol evidence, to be really a pledge of the stock as security for a debt, yet we are of opinion that where parol evidence alone is relied upon to sustain a bill in a case of this character, the evidence ought to be clear and convincing to authorize a decree. This record does not contain that character of evidence, and the judgment of the Appellate Court, affirming the decree of the Superior Court dismissing the bill, must be affirmed. *Judgment affirmed.*