[No. 7587.    Decided January 6, 1909.]

GEORGE NIXON *et al.*, *Respondents*, v. JOSHUA HENDY
MACHINE WORKS, *Appellant.*[1]

ASSIGNMENT—DELIVERY — ACCEPTANCE — GARNISHMENT OF CLAIMS
BEFORE DELIVERY.  There is not a complete assignment by an in-
solvent corporation of certain claims to one of its creditors, in part
satisfaction of indebtedness, where it was made upon the express
understanding that the assignee should give credit for all sums
actually collected under the assignment, and the assignment was not
delivered or made known to or accepted by the assignee until after
the claims had been garnished, and where after the assignment part
of the claims were paid directly to the assignor with the knowledge
and consent of the assignee.

PROCESS — NONRESIDENT DEFENDANTS — PUBLICATION OF SUMMONS
AND GARNISHMENT — ASSIGNMENT OF CLAIMS.  The court acquires
jurisdiction of nonresident defendants on service of summons by
publication and the garnishment of assigned claims, where the as-
signment was not completed by delivery and acceptance before the
issuance of the garnishment.

CORPORATIONS — INSOLVENCY — ASSETS — FRAUD UPON CREDITORS.
A corporation that is not able to pay its debts in due course of
business is insolvent, so far as creditors are concerned, and cannot
prefer a creditor.

SAME—ASSIGNMENT IN FRAUD OF CREDITORS.  Where two corpora-
tions were controlled by the same stockholders and officers, and one
was used as a shield for the benefit of the other, they are not inde-
pendent concerns, and an assignment of assets by one to the other
is fraud upon creditors of the assignor.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered February 1, 1908, upon find-
ings in favor of the plaintiffs, in garnishment for debt, after
a trial before the court without a jury.  Affirmed.

*Wakefield & Witherspoon*, for appellant.

*Danson & Williams*, for respondents.

DUNBAR, J.—This is an action by respondents, Nixon and
Kimmel, against the Wagner-Bullock Electric Company, to

[1]Reported in 99 Pac. 11.

recover a debt due. When the action was commenced, the Northwest Light & Power Company was summoned as garnishee to answer as to any indebtedness due the Wagner-Bullock Electric Company. It answered admitting that it was indebted in the sum 'of $918.14. It afterwards filed an amended answer in which it was alleged that, after the filing of the original answer, it had received notice that on August 8, 1905, the claim due from it to the Wagner-Bullock Electric Company had been assigned to the Joshua Hendy Machine Works. No notice was ever given the Northwest Light & Power Company of any assignment until after this action had been brought. Service was made on the Wagner-Bullock Electric Company by publication of summons, said defendant being a nonresident. The defendant made a special appearance and made a motion to quash the service, which motion was denied. The Wagner-Bullock Electric Company failed to further appear, and its default · was regularly entered.

Thereafter Joshua Hendy Machine Works entered its appearance in the cause as claimant, and filed its answer and petition, claiming said debt from the garnishee under an assignment of date August 8, 1905. To this answer plaintiffs replied, denying that any assignment had been made, and alleging that the said defendant Wagner-Bullock Electric Company was insolvent at the time of the attempted assignment; that said attempted assignment was made for the purpose of preferring or attempting to prefer one of its creditors; that there was no indebtedness due from Wagner-Bullock Electric Company to Joshua Hendy Machine Works; that the stock of said electric company was in fact owned by the Machine Works Company; that said attempted assignment was for the purpose of committing a fraud upon plaintiffs; that there was no other property of the Wagner-Bullock Electric Company within the state of Washington, and that plaintiffs are residents of the state of Washington. On these issues the case went to trial, resulting in a judgment

that the said debt from the garnishee was subject to the claim of plaintiffs; also, adjudging that there was due from the defendant Wagner-Bullock Electric Company the sum of $1,401; and ordered the said sum due from the garnishee applied to the partial satisfaction of the amount due plaintiffs.

This case involves only questions of fact. It is true some legal propositions are discussed, but they really arise from the different views taken of the facts, and we apprehend that when the facts are determined there can be no question concerning the law applicable. The appellant excepted to findings 1 and 13. Finding No. 1 is simply to the effect that the defendant was duly and regularly served with summons. No. 13 is as follows:

"That at the time of said alleged assignment the total assets of said Wagner-Bullock Electric Company consisted of said assigned claims and claims which were not assigned and which aggregate about the same amount as those assigned, and certain machinery of a value of three or four hundred dollars. That of the claims attempted to be assigned, that charged to Nixon & Kimmell for $918.14 was not an asset, and that there was not at that time anything due from said Nixon & Kimmel. That at the time of said alleged assignment the said Wagner-Bullock Electric Company was indebted at least $28,802.99 and was indebted in the sum of $1,401 to the plaintiffs in this action, Nixon & Kimmel, making a total definite indebtedness at that time of $30,202.99, and was further indebted to the Wagner Electric Company and A. C. Sproat in sums the amount of which is not disclosed by the evidence. That said Wagner-Bullock Electric Company had no way with which to pay debts in the ordinary course of business and was unable to pay them as they matured and were presented, and since the said alleged assignment was made has been able to pay on its indebtedness a sum not exceeding $25,000."

The other findings, not being excepted to, will be considered as the established facts of the case.

As to the first finding, that the defendant Wagner-Bullock Electric Company was duly and regularly served with

summons, it is the contention of the appellant that, under the rule announced in *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565, and which we think may be considered the established law of the land, the court never obtained jurisdiction of said defendant, for the reason that the property relied upon to give the court jurisdiction had been assigned to the appellant prior to the commencement of the action. Conceding, without deciding, that this state of facts, if true, could avail the appellant, it not having raised that question in the pleadings, and considering this question in connection with the further contention that the court erred in concluding that no complete assignment had been made to the appellant of debts due to the Northwest Light & Power Company—and this is the crucial question in the case which must determine the question of jurisdiction—we think the testimony amply sustains the facts found and conclusions reached by the court. This assignment rests upon the action of a meeting of the board of trustees of the Wagner-Bullock Electric Company on the 8th day of August, 1905. A certified copy of the resolution appears in the record, and the pertinent part of it is as follows:

"Whereas, the sum of $18,069.83 appears now to be due the Joshua Hendy Machine Works, and demand having been made for security and for its payment, and there being no immediate cash funds available, it has been suggested that certain accounts now due this corporation be assigned to said Joshua Hendy Machine Works, in part satisfaction of its claims; and

"Whereas, said Joshua Hendy Machine Works has signified its willingness to accept such an assignment in part satisfaction and on account of said indebtedness:

"Now, therefore, Resolved that the proper officers of this corporation be, and they are hereby authorized and directed to assign to said Joshua Hendy Machine Works, the following accounts now due this corporation."

Then in the list of accounts assigned appears the account of T. A. Winters, $919.75. The resolution concluded:

"The above assignment is made upon the express understanding that the Joshua Hendy Machine Works shall give this corporation credit for the sums of money actually collected and received by it under this assignment, as said sums are paid to it."

The court finds, and the finding is not excepted to, that there is no evidence that said assignment was ever delivered to the Joshua Hendy Machine Works, nor of notice conveyed to it of such assignment, nor that such assignment was ever accepted or acted upon by said Joshua Hendy Machine Works until long after the service of the writ of garnishment in this case. It is also an established fact in this case, by finding No. 12, that, after the said alleged assignment, there was collected on the said accounts mentioned in said resolution certain sums from time to time, and certain of said sums so assigned were paid direct to the said Wagner-Bullock Electric Company, with the knowledge and consent of the said Joshua Hendy Machine Works; such claims being so paid amounted to the sum of $4,936, and the money received on such claims was used in the payment of other bills and · debts of said Wagner-Bullock Electric Company than that of the Joshua Hendy Machine Works.

Under this showing, this was not a complete assignment. There was no notice of the assignment conveyed to the appellant, and if it had knowledge of it—which is not shown by the record—there is no showing of any acceptance on its part. The assignment was conditional. There is no evidence that the Wagner-Bullock Electric Company ever parted with its right to possession of the accounts. It would have had a right under the showing made to have refused to execute or deliver the assignment, and the appellant would have had a right to refuse to accept it on the conditions specified. It may be stated as a general proposition that, in order to render an assignment effective, it must be communicated to the assignee and his acceptance of assent thereto be given. 4 Cyc. 29, and cases cited. In addition to the technical re-

quirement not having been complied with, the proof shows that it was not the understanding between the parties themselves that the transaction should have the force of a complete assignment. This is shown by finding No. 12 above set forth. There being no assignment prior to the commencement of the action in the garnishment proceedings, the court acted with jurisdiction.

In addition to this, we are satisfied from the whole testimony, without regard to the findings of the court, that the assignment was not made in good faith, and was therefore void as to the creditors of the corporation. If the Wagner-Bullock Electric Company was an independent concern, the evidence plainly shows that it was insolvent in that it was not able to pay its debts in due course of business, and this is the test of insolvency established by this court where the rights of creditors are involved. *Thompson v. Huron Lumber Co.*, 4 Wash. 600, 30 Pac. 741, 31 Pac. 25, and subsequent cases. If it was not an independent concern, its act was still a fraud upon creditors. It is impossible to read and consider all the record in this case without being impressed with the idea that the Wagner-Bullock Electric Company was a mere puppet of the Joshua Hendy Machine Works. The machine works had a total capital of 4,325 shares, 1,175 of which were owned by S. J. Hendy, and 1,332 2-3 shares were owned by John H. Hendy, the Hendys thereby controlling the policy of the machine works corporation. S. J. Hendy was the president of said corporation, Charles C. Gardner secretary, and R. Cartney vice president. S. J. Hendy, the president of the machine works company and one of the dominant stockholders, owned 1,975 of the 2,000 shares which comprised the stock of the Wagner-Bullock Electric Company. The officers of the electric company were F. J. Hendy, president; John H. Hendy, vice president, and F. J. Behnemann, who was cashier of the Joshua Hendy Machine Works, secretary and treasurer. Each corporation was conducted by five directors, three of

the directors of the Joshua Hendy Machine Works being directors in the Wagner-Bullock Electric Company. From these facts and all the circumstances surrounding the business transactions of these respective companies, we are forced to the conviction that the electric company was simply used as a shield for the benefit of the machine company, the policy and business of the electric company being controlled by the machine company. Corporations must not be allowed to defeat the ends of justice by subterfuges of this kind.

The judgment is affirmed.

MOUNT, CROW, RUDKIN, and FULLERTON, JJ., concur.

HADLEY, C. J., and CHADWICK, J., took no part.