[No. 7801. Department One. January 17, 1910.]

J. F. BOHLING, *Trustee, Appellant,* v. CARROLL HENDRON, *Intervener and Respondent.*[1]

CORPORATIONS—INSOLVENCY—PREFERENCE TO CREDITORS. Findings that a mortgage was given by a corporation after insolvency and is fraudulent as to creditors, are sustained where there was some evidence tending to show that fact and the mortgage covered practically all of its property and was given to a trustee as a preference to secure certain antecedent creditors.

Appeal from a judgment of the superior court for Chelan county, Steiner, J., entered June 2, 1908, upon findings in favor of the intervening receiver of an insolvent corporation, in an action to foreclose a mortgage, after a trial on the merits. Affirmed.

[1] Reported in 106 Pac. 205.

*Smith & Cole*, for appellant.

*Aust & Terhune*, for respondent.

FULLERTON, J.—The La Rica Consolidated is a mining corporation, owning certain mining properties situated at Blewett, Chelan county, Washington, which it operated to some extent during the years 1902, 1903, and 1904. In the pursuit of its work, it became indebted to divers and sundry persons and corporations, aggregating a large sum of money which it was unable to pay, and on August 15, 1904, executed a mortgage to "J. F. Bohling, as trustee," covering practically all of its property, both real and personal,

"To secure the payment of fifteen thousand dollars ($15,000) lawful money of the United States, with interest from date until paid, at the rate of eight per cent per annum, according to the tenor of certain debts and obligations owing by the mortgagor to The Washington Trust Company of Seattle, to sundry creditors for supplies furnished mortgagor, and to certain creditors who have advanced money to take up debts of mortgagor."

Subsequently certain other creditors, said not to be included in the list secured by the mortgage, brought actions. against the corporation, recovered judgments against it, and procured the appointment of a receiver for its property. The trustee named in the mortgage thereupon began the present action to foreclose the mortgage. In his complaint he alleged that the several items of indebtedness secured by the mortgage had been paid by other persons, who advanced money for that purpose, and he asked that these persons be substituted in lieu of the original creditors and be declared to be beneficiaries under the mortgage to the amounts of their several advancements. The receiver defended against the foreclosure on various grounds, including fraud, want of consideration, and the ground that the corporation was insolvent at the time the mortgage was executed. The trial court held the mortgage void, but upon which of the several grounds.

urged does not appear. A careful examination of the record, however, convinces us that it must be sustained on the last ground stated; namely, that the corporation was insolvent at the time it executed the mortgage. It would serve no useful purpose to review the evidence on which this conclusion is based, but it is found in the correspondence between the several officers of the company before and subsequent to the time the mortgage was issued, the evidence of the witness, Smith, who testified at the trial, and the fact that the court thereafter, without resistance on the part of the corporation, appointed a receiver for it on the ground of insolvency. It may be added, also, that the fact that the mortgage was given to secure antecedent debts wholly is strong evidence of the corporation's straightened financial condition, even if it is not of insolvency itself.

It is hardly necessary to add that a mortgage given by an insolvent corporation which creates a preference right in favor of a part of its creditors to the exclusion of others is void. It was so held in the early case of *Thompson v. Huron Lumber Co.*, 4 Wash. 600, 30 Pac. 741, 31 Pac. 25, and has been adhered to as the settled doctrine of this state ever since.

The judgment appealed from will stand affirmed.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.