[No. 13758.   Department One.   January 4, 1917.]

WALTER G. RONALD, *as Trustee etc., Appellant,* v. RALPH
                SCHOENFELD, *Respondent.*[1]

CORPORATIONS—INSOLVENCY—ASSETS—OWNERSHIP OF STOCK—BUR-
DEN OF PROOF—EVIDENCE—SUFFICIENCY. In a trustee's action against
a stockholder to recover assets of an insolvent corporation, the bur-
den is upon the stockholder to prove by clear and convincing evidence
that he held the stock as collateral security; and his oral testimony,
corroborated by witnesses hostile to the corporation, to the effect
that his note for $2,000 was given by him as a loan to the corpora-
tion instead of as payment for the stock, is not sufficient to overcome
the presumption and the written records of the corporation that
the stock was owned by him.

SAME—SOLVENCY. The test of the insolvency of a corporation is
its inability to pay its debts in due course of business.

SAME—INSOLVENCY — OFFICERS — PREFERENCES — NOTICE OF CONDI-
TION. Knowledge of an insolvent condition is imputed to an officer
of a corporation, and he cannot profit at the expense of other cred-
itors by having an auto truck turned over to himself in payment of
a loan which he made to the company while the company was in-
solvent.

SAME—INSOLVENCY—ASSETS—RECOVERY—LIMITATIONS. A trustee
in bankruptcy, endeavoring to assemble the assets of an insolvent
corporation for the benefit of creditors, is not affected by laches of
the officers of the corporation in bringing suit on a claim against a
stockholder, but may sue at any time within the period of the statute
of limitations.

[1]Reported in 162 Pac. 43.

Appeal from a judgment of the superior court for King county, Jurey, J., entered February 28, 1916, upon findings in favor of the defendant, in an action to recover assets of an insolvent, tried to the court. Reversed.

*Leopold M. Stern (J. W. Russell,* of counsel), for appellant.

*James Kiefer,* for respondent.

Chadwick, J.—This action was brought by the trustee in bankruptcy of the Sol Duc Mineral Water Company, an insolvent corporation, against the respondent to recover the value of an automobile truck, delivered to respondent by the acting manager of the concern prior to the time a receiver was appointed in the state courts to take charge of the affairs of the corporation and prior to the time bankruptcy proceedings were instituted in the Federal court.

The court found that the respondent had loaned the company $2,000, in April, 1914; that the truck was turned over to him in November, 1914, by bill of sale, executed by the manager of the company, as security for the debt; that the truck had been sold, and that the amount realized, $2,000, less $130 storage, had been credited upon the indebtedness.

Whether the insolvent company was obligated to the respondent, was vigorously contested by the appellant trustee, his contention being that respondent had subscribed for an additional 2,000 shares of the stock of the corporation; that, to pay for it, he gave the note of the Standard Furniture Company of which he is an officer, payable to the Seattle National Bank. The note was negotiated by the insolvent at the bank to which the note was made payable. Appellant further contends that, when the affairs of the company became uncertain, respondent took the position that his obligation was a loan to the company, and was not a payment for the subscribed stock.

It seems immaterial to us whether the $2,000 transaction be regarded as a loan, or as a payment for additional stock.

Respondent was, at all times, a trustee and familiar with the affairs of the company. The court held that the company was not insolvent at the time the truck was turned over to respondent. A careful reading of the record convinces us that the judgment of the court cannot be sustained, either in law or in fact.

It would serve no purpose to review, in detail, the testimony offered by the parties upon the question whether the $2,000 was paid in upon a stock subscription or given as a loan to the company. It is enough to say that the finding of the court is contrary to all of the written testimony and concomitant circumstances, as well as the probabilities attending the acts and conduct of men skilled in business affairs such as the participants on either side of the controversy are admitted to be. It is true that respondent testifies that the money was advanced as a loan. He is sustained, in a degree, by two witnesses who admit their hostility to the company, and whose testimony (one of them at least) is clouded by evident self-contradiction. This is not enough to overcome the presumption that the stock, which was a part of an additional issue, was issued to the respondent as a subscriber. No note or memorandum evidencing the obligation which he now asserts was taken, and no entry upon the books of the company, which were in the keeping of one of his witnesses, showing a credit to the account of bills payable or to the personal account of respondent, is made to appear.

The burden in such cases is not, as assumed by the trial judge, upon the creditor to prove, by a preponderance of the evidence, that one who holds corporate stock is not holding it as collateral security. It is upon the holder to prove, by clear and convincing evidence, that the stock does not speak the truth of ownership. It has long been held to be contrary to the policy of the law to permit an apparent owner of stock in a corporation to deny his liability, or to assert that he holds his stock as a trustee, or as collateral to some obligation that is not obvious upon the face of the corporate records,

or sustained by convincing testimony. The cases and the texts are of one accord upon this proposition.

"An absolute transfer of stock may be shown by parol evidence to be really a pledge if it is collateral security for a debt, but the evidence in such case should be clear and convincing." Jones, Collateral Securities (3d ed.), § 155.

See, also, *Murray v. Butte-Monitor Tunnel Min. Co.*, 41 Mont. 449, 110 Pac. 497, 112 Pac. 1132; *Wilson v. Cunningham*, 24 Utah 167, 67 Pac. 118; *McLeod v. Weldon*, 1 New Brunswick Eq. 181; *Travers v. Leopold*, 124 Ill. 431, 16 N. E. 902.

The same principle applies to and binds one who becomes a subscriber to stock before it is issued. It was so held in *Davies v. Ball*, 64 Wash. 292, 116 Pac. 833, Ann. Cas. 1914B 750. After all, it amounts to no more than a declaration of the settled law that a transaction depending upon a written instrument, fair upon its face, will not be overcome unless by testimony so unequivocal as to put the issue beyond reasonable controversy.

Wherefore, the oral testimony of respondent and his witnesses being overcome by the written record made by him and by them, he has failed in his burden of proof and cannot now claim that he held the stock in pledge as a security for a debt.

But if we treat the payment of the $2,000 as a loan, respondent is in no better position. The trial judge says that the financial state of the company was the same in October and November, 1914, as in the following July when a receiver was appointed because of its continued insolvency. He sustains his finding by suggesting that, although this be so, the company was derelict in that it did not begin an action during the months intervening between the time when the actual condition of the company was made known to the stockholders and the time when the receiver was appointed. It is abundantly proven by the testimony of witnesses on both sides, and by the admissions of respondent himself, that the company was not able to pay its debts in due course of

business. Such is the test of insolvency adopted by this court in *Nixon v. Hendy Machine Works*, 51 Wash. 419, 99 Pac. 11.

Respondent, being an officer of the company, knew of the financial condition of the company; or if he had no actual knowledge, the law will impute such knowledge to him and deny him the privilege of profiting at the expense of the general creditors of the concern. *Potvin v. Denny Hotel Co.*, 26 Wash. 309, 66 Pac. 376; *Barnard Mfg. Co. v. Ralston Milling Co.*, 71 Wash. 659, 129 Pac. 389.

Nor would the fact that an action was not brought until a receiver had been appointed avail respondent anything. The trial judge was disposed to treat the case as a controversy between contending stockholders, and to measure the credibility of the principal witnesses. With this phase of the case, we have no concern. It was the duty of the receiver to assemble all of the assets of the corporation and to ferret out and overcome all preferences without reference to the attitudes of the officers and trustees of the company. It was his privilege, as well as his duty, to proceed at any time within the period of limitation. This is not an action between officers and trustees, but the suit of creditors, through an officer of the court.

This holding disposes of the contention that the president of the company directed the manager to turn over the truck to the respondent as security for his debt, for the same rule which prevents respondent from taking an asset of the insolvent corporation, would also prevent an officer from delivering it to him.

The judgment is reversed, with directions to enter a judgment in favor of appellant for the sum of $2,000 which we find from the testimony to be the value of the truck.

Morris, C. J., Main, Mount, and Ellis, JJ., concur.