[No. 13698.  Department Two. . March 2, 1917.]

T. H. McKay, *as Trustee etc., Appellant,* v. Sperry Flour
Company, *Respondent.*[1]

Bankruptcy—Preferences—Transfers—Depletion of Property.
Where an insolvent corporation induced a third person not inter-
ested in the company to come to its aid, and as a matter of accom-
modation give a mortgage upon real estate to a creditor of the in-
solvent in partial payment of the creditor's claim, the transaction
does not amount to a transfer in violation of the bankruptcy law as
a preference, since it did not deplete the assets of the bankrupt, the
property not being its property.

Appeal from a judgment of the superior court for Grays
Harbor county, Sheeks, J., entered May 17, 1916, in favor
of the defendant, in an action to set aside preferences, tried
to the court.  Affirmed.

*Raymond J. McMillan* and *Ernest K. Murray,* for appel-
lant.

*Hayden, Langhorne & Metzger,* for respondent.

Holcomb, J.—Upon its own petition, on May 23, 1912,
the Brachvogel Commission Company, a corporation, of
Aberdeen, was adjudged a bankrupt.  About three years
later, appellant, the trustee in bankruptcy, began this action
in the superior court to set aside a certain conveyance as a
preferential transfer.

The amended complaint alleged that, on February 21,
1912, the defendant M. A. Brachvogel was indebted to the
Brachvogel Commission Company in the sum of $3,300, on
account of his subscription to the capital stock of the Brach-
vogel Commission Company; that, on that date and for some
time prior thereto, the Brachvogel Commission Company was
insolvent and unable to meet its obligations as they matured
in the ordinary course of business or otherwise, and was in-
debted to a large number of creditors, including the defend-

[1]Reported in 163 Pac. 377.

ant Sperry Flour Company, to which it was indebted in the sum of $7,000, or thereabouts; that, at all of such times, the defendant Sperry Flour Company had reasonable cause to believe the defendant Brachvogel Commission Company was insolvent; that, on February 21, 1912, the defendant M. A. Brachvogel, acting in behalf of the Brachvogel Commission Company, with intent that the Brachvogel Commission Company should prefer the Sperry Flour Company, one of its creditors, over its other creditors of the same class, and, as the Sperry Flour Company well knew, with intent to hinder, delay and defraud the creditors of the Brachvogel Commission Company other than the defendant Sperry Flour Company, entered into and consummated an arrangement wherein and whereby the defendant M. A. Brachvogel paid the sum of $3,300 to the Brachvogel Commission Company in full of his subscription to the capital stock of that company, by causing to be transferred to the Sperry Flour Company as security for its indebtedness, a mortgage upon certain real estate in the county of Chehalis, state of Washington, to wit: Lots 15 and 16, in block 5, Benn's Central addition to Aberdeen, Washington, which real property then was and now is of a value in excess of said mortgage, and since the commencement of the proceedings in bankruptcy herein the defendant M. A. Brachvogel has caused the property to be conveyed to the defendant Sperry Flour Company in satisfaction of the mortgage indebtedness therefor, and the Sperry Flour Company is now the owner of the real property in fee simple; that the transaction complained of enabled the defendant Sperry Flour Company, one of the creditors of the Brachvogel Commission Company, to obtain and hold a preference over other creditors of the Brachvogel Commission Company of the same class, avoidable by virtue of the provisions of the bankruptcy act of the United States and the laws of the state of Washington.

The amended complaint, it will be observed, proceeds upon the theory that the original transfer by way of mortgage

upon the real estate described as security was a transfer of property of the defendant Brachvogel Commission Company, which soon afterwards became bankrupt and which it was claimed was then insolvent, and that the consummated transfer of the real estate constituted a preference to the Sperry Flour Company which the Sperry Flour Company well knew, which preferential transfer, together with the ensuing transfer of the real estate by deed to satisfy the mortgage, the trustee in bankruptcy has a right to avoid and set aside.

The facts show that the bankrupt company commenced business as a corporation in July, 1910; that it had a continuing business with respondent, the Sperry Flour Company, and on February 21, 1912, it owed a balance of $6,368.40 to the respondent Flour Company, and to other unsecured creditors a total of $8,481.81, making a total unsecured indebtedness at that time of $14,850.21. The bankrupt's capital stock was $10,000, and the subscribers therefor were M. A. Brachvogel for $3,300, A. H. Brachvogel for $3,300, and one Miller for $3,400. Up to February 21, 1912, Miller had paid in $3,000 and the others nothing. On that date, respondent Sperry Flour Company sent a representative to Aberdeen to negotiate concerning its account with the commission company. The representative met M. A. Brachvogel and had some conversation with him, in which Brachvogel told him that the company could not pay or settle the account, but that he could give a mortgage upon the real estate now involved for $3,300 in payment of that amount of the account; that the real estate was worth $3,500. The representative knew nothing of the value of the real estate, but looked at it and agreed to take the mortgage. The real estate did not belong to Brachvogel nor to the bankrupt company, but belonged to a Mrs. McClellan, mother-in-law of Brachvogel. By agreement between her and Brachvogel, she agreed to execute and deliver the mortgage for his accommodation, and to whom he directed, and he agreed to deed her certain real estate worth $1,800, and give her his note for

$1,500, to save her harmless. Pursuant to this agreement, a mortgage upon the real estate was executed and delivered by her to the Sperry Flour Company, and it accepted the same as payment *pro tanto* of its account against the bankrupt company. The company thereupon credited Brachvogel with payment of his stock subscription, and Brachvogel deeded to Mrs. McClellan the real estate which he had agreed to give to her, and gave to her his note.

Appellant strenuously urges that the transfer of the real estate which is attacked in this suit was a transfer in violation of the bankruptcy law as the preference of a bankrupt debtor. The definition of an insolvent which has been generally approved in this state, to the effect that the corporation was insolvent in the sense that it was wholly unable to meet its obligations as they matured in the ordinary course of business, stated in *State ex rel. Strohl v. Superior Court*, 20 Wash. 545, 56 Pac. 35, 45 L. R. A. 177; *Nixon v. Hendy Machine Works*, 51 Wash. 419, 99 Pac. 11, and *Bohling v. Hendron*, 56 Wash. 687, 106 Pac. 205, is urged in aid of the contention that it was established by the evidence that the company was insolvent on February 21, 1912, at the time the deed was given, and that, therefore, the transfer is a preferential one and must be set aside.

But this proceeds upon the theory that the property was the property of the bankrupt company, or became so commingled with property which the company was entitled to look to as its assets that it may be so considered. Appellant makes a strong case in attempting to show that the agreements between the Brachvogel Commission Company and the Sperry Flour Company, the agreements between M. A. Brachvogel and Mrs. McClellan, and the agreement between the Brachvogel Commission Company and M. A. Brachvogel, were all simultaneous, one transaction in effect; and the net result of the same was that the company became the owner of the interest in the real estate which Mrs. McClellan mort-

gaged and afterwards conveyed as an accommodation and for the benefit of the defendant.

We cannot so construe the transactions. Whatever may have been the condition of the Brachvogel Commission Company on February 21, 1912, whether solvent or insolvent, the transfer by Mrs. McClellan, by mortgage, of certain real estate to apply in part satisfaction of the debt of the Brachvogel Commission Company to the Sperry Flour Company did not operate to transfer her legal title in and to the real estate or her interest in the same, whatever it may have been, either to the Sperry Flour Company or to the Brachvogel Commission Company. It was simply, as was stated, for the accommodation of Brachvogel or the Brachvogel Commission Company. It was another stepping into the breach and attempting to relieve the financial difficulties of a concern in which she had no interest and did not acquire any interest. It is true, M. A. Brachvogel was indebted to the company for his unpaid stock subscription in the sum of $3,300; and it is true that his stock subscription was canceled because of his having secured the release of $3,300 of the company's unsecured debts; and it is true, also, that he conveyed to his mother-in-law property of the agreed value of $1,800 and gave to her his note for $1,500. But those arrangements did not merge her property into the assets of the Commission Company, nor deplete the assets of the debtor company, and in no way charged the transactions with the character of a transfer by the debtor company of its own property in preference to other creditors. The transfer was the independent transfer of another and could not come under the rules as to preferential transfer.

To constitute a preference, the transfer must consist of the bankrupt's own property so as to cause a depletion thereof. *National Bank of Newport v. National Herkimer County Bank*, 225 U. S. 178; *New York County Nat. Bank v. Massey*, 192 U. S. 138; *Western Tie & Timber Co. v. Brown*, 196 U. S. 502; *Continental & Commercial Trust & Savings Bank*

*v. Chicago Title & Trust Co.*, 229 U. S. 435; *Keegan v. Hamilton Nat. Bank*, 163 Ind. 216, 71 N. E. 647; *Goode v. Elwood Lodge, No. 166, K. P.*, 160 Ind. 251, 66 N. E. 742; *Dressel v. North State Lumber Co.*, 119 Fed. 531; Collier, Bankruptcy (9th ed.), p. 86.

The question being determined as a matter of law, there is no need to discuss the further questions raised by appellant. The judgment was correct and must be affirmed. It is so ordered.

Ellis, C. J., Mount, Parker, and Fullerton, JJ., concur.