## In re ELLIOTT-O'BRIEN CO.

## CLIMENSON v. CARSON, PIRIE, SCOTT & CO. et al.

(Circuit Court of Appeals, Ninth Circuit. November 6, 1922.)

No. 3862.

1. **Bankruptcy ☞467—Doubtful question of fact not reviewed on appeal.**

On a doubtful question of fact the decision of a referee, approved by the District Court, will be accepted by the appellate court.

2. **Corporations ☞537, 544(5)—Insolvency under law of Washington defined; transfer and payment, when insolvent, preferential, regardless of good faith of creditor; "insolvent."**

Under the law of Washington a private corporation is insolvent when it is unable to meet its obligations as they mature in the ordinary course of business, and a transfer or payment to a creditor when so insolvent is preferential, regardless of the good faith of the creditor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insolvency—Insolvent.]

3. **Bankruptcy ☞160—Transfer is voidable under state law only if debtor insolvent under bankruptcy statute.**

Under Bankruptcy Act, § 67e (Comp. St. § 9651), to render a payment by a corporation voidable, because preferential, under the state law, the corporation must at the time have been insolvent, as insolvency is defined in the Bankruptcy Act.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

In the matter of the Elliott-O'Brien Company, bankrupt. From an order allowing the claims of Carson, Pirie, Scott & Co. and others, S. G. Climenson, trustee, appeals. Affirmed.

The Elliott-O'Brien Company was incorporated in the year 1917, and was thereafter engaged in the merchandise business in this state, until a receiver was appointed in one of the courts of the state in 1921. Elliott and O'Brien, the incorporators and stockholders of the company, had been in the employ of Carson, Pirie, Scott & Co. for many years before embarking in business on their own account. About 75 per cent. of the merchandise purchased by the Elliott-O'Brien Company came from Carson, Pirie, Scott & Co., and the latter was at all times the principal creditor of the former. During the year 1920 this indebtedness amounted to about $16,000. At the beginning of the year 1921 Carson, Pirie, Scott & Co. refused to extend further credit to the Elliott-O'Brien Company until the indebtedness of the latter was brought within a limit of 120 days; that is, until all accounts antedating that period were paid in full. In December of 1920 the inventory of the Elliott-O'Brien Company showed an indebtedness of $21,740.92 and assets of $26,371.39, including fixtures. About that time the company determined to reduce its stock to about $15,000, and sell the balance in bulk. It expected to make the necessary reduction by February, 1921, and put on sales to that end. Sales were slow, however, and the value of all merchandise depreciated rapidly, so that its plans miscarried. The business was carried on until a receiver was appointed in the state court early in May, 1921, which was followed by adjudication in bankruptcy. The stock was later sold in bulk by the trustee for $11,000, being about 73 per cent. of the indebtedness of the company, or approximately $4,000 less than enough to pay all creditors in full. On June 10, 1921, Carson, Pirie, Scott & Company filed a claim against the bankrupt for goods, wares, and merchandise sold and delivered. The trustee thereafter

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

filed objections to the claim on the ground that certain payments had been made to the claimant by the bankrupt within four months prior to the filing of the petition in bankruptcy; that at the time such payments were made the bankrupt was insolvent, and the claimant knew or had reasonable cause to believe that a preference was intended; and on the further ground that such payments were preferential and voidable under the laws of the state. These objections were filed under subdivision "g" of section 57 of the Bankruptcy Act (Comp. St. § 9641), which provides as follows:

"g. The claims of creditors who have received preferences, voidable under section sixty, subdivision b, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, subdivision e, have been made or given, shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments, or incumbrances."

Subdivision "b" of section 60 (Comp. St. § 9644) is the general provision relating to preferences under the Bankruptcy Act. Subdivision "e" of section 67 (Comp. St. § 9651) provides, among other things, as follows:

"And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory, or district in which such property is situate, shall be deemed null and void under this act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt."

The referee found that the bankrupt was insolvent in December, 1920, and at all times thereafter, and further found that the claimant did not know or have reasonable cause to believe that a preference was intended. The referee further found that there was no difference between the Bankruptcy Act and the laws of the state in this respect. The objections were accordingly overruled and the claim allowed. The action of the referee was approved by the District Court. Similar objections were filed to other claims with the same result, but these several claims require no separate consideration. The order of the District Court approving the decision of the referee is now before this court for review.

Nelson R. Anderson, of Seattle, Wash., for appellant.

George N. Woodley, of Portland, Or., and Walter A. McClure, of Seattle, Wash., for appellee Carson, Pirie, Scott & Co.

A. A. Hull and J. E. Murray, both of Chehalis, Wash., for appellee Coffman-Dobson Bank & Trust Co.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge (after stating the facts as above). [1] The claim of preference arising under the Bankruptcy Act presents no difficulty. The question is one of fact, and a review of the testimony would serve no purpose. Suffice it to say that, if the question were an open one in this court, we would find much difficulty in reaching the conclusion that the claimant knew or had reasonable cause to believe that the payments in question were intended to operate as preferences, and in the face of an adverse finding by the referee, approved by the District Court, the appeal on this branch of the case is without merit. Arenz v. Astoria Sav. Bank (C. C. A.) 281 Fed. 530, and cases there cited. Much stress is laid upon the confidential relations that had so long existed between the officers and stockholders of the bankrupt and Carson, Pirie, Scott & Co., but there is no tes-

timony tending to show that the latter had either notice or knowledge of the insolvency of the bankrupt, or that a preference was intended, and one might readily assume that their past relations would tend to inspire confidence rather than arouse suspicion.

[2] We will next take up the question of preferential payments or transfers under the law of the state. The difference between the Bankruptcy Act and the state law on the question now under consideration was thus stated by the Supreme Court in Williams v. Davidson, 104 Wash. 315, 320, 176 Pac. 334, 336:

"However, appellant's right of recovery is not limited to the Bankruptcy Act, but if the transfer is preferential and void under the law of this state, he is entitled to recover. The trust fund doctrine as applied to insolvent corporations was announced by this court in Thompson v. Huron Lumber Co., 4 Wash. 600, 30 Pac. 741, 31 Pac. 25, was exhaustively discussed, considered, and reaffirmed in Conover v. Hull, 10 Wash. 673, 39 Pac. 166, 45 Am. St. Rep. 810, and has been followed in an unbroken line of decisions ever since that time. So that, if anything may be said to be settled, this doctrine has become the settled law of this state, and we cannot depart from it. The trust fund doctrine from first to last is to the effect that the property and assets of an insolvent corporation constitute a trust fund in the hands of the managers of the corporation for the benefit of each and all of its creditors ratably, and although a private debtor may prefer creditors, even to the exhaustion of all his assets, an insolvent corporation will not be permitted to do or suffer anything which will permit one or more creditors to obtain a preference, no matter what the good faith of such creditor may be."

Under the decisions of the Supreme Court of the state there are two marked differences between a preference under the Bankruptcy Act and a preference under the state law, where a private corporation is concerned. First, the state court does not accept or recognize the definition of insolvency contained in the Bankruptcy Act; and, second, if the corporation is insolvent within the meaning of the state law, the good faith of the creditor is of no avail. This latter proposition is controverted by the appellees, but it has been so often announced by the state court that we are not at liberty to disregard it.

Under the rule adopted by the state court a private corporation is insolvent when it becomes unable to meet its obligations as they mature in the ordinary course of business. Nixon v. Hendy Machine Works, 51 Wash. 419, 424, 99 Pac. 11; State ex rel. Strohl v. Superior Court, 20 Wash. 545, 56 Pac. 35, 45 L. R. A. 177; Jones v. Hoquiam Lum. & Shingle Co., 98 Wash. 172, 176, 167 Pac. 117. This condition may arise, of course, before the corporation becomes insolvent within the meaning of the Bankruptcy Act. State ex rel. Strohl v. Superior Court, supra; Jones v. Hoquiam Lum. & Shingle Co., supra.

[3] The converse is equally true, and the corporation may remain solvent under the state law although insolvent under the Bankruptcy Act. Under subdivision "e" of section 67 the debtor must be insolvent as defined by the Bankruptcy Act, and the transfer or payment must be preferential and voidable under the state law. Guided by these considerations, does the record show preferential payments. The corporation was pursuing its policy of reducing its stock with a view of disposing of the remainder in bulk as soon as a purchaser could be

found. While some of its debts were past due, the creditors were satisfied with the process of liquidation, and no creditor complained until the receiver was applied for in the state court. The corporation was to all intents and purposes a going concern, discharging its obligations as demanded, and in our opinion violated no rule of law and no right of creditors in making the payments complained of. In other words, the corporation was not insolvent within the rule upon which the appellant relies.

The objections to the other claims stand upon the same footing, and we deem it unnecessary to discuss or consider the right of set-off urged in behalf of one of the appellees.

Finding no error in the record, the order or decree of the lower court is affirmed.