[No. 17624. Department One. April 5, 1923.]

ANNA BROOKS, *Respondent*, v. RAY YOUNG PARSONS COMPANY, *Defendant*, SCHWABACHER BROTHERS & COMPANY, INCORPORATED, *Appellant*, CHARLES L. ANDERSON *et al.*, *Intervener*, *Respondents*.[1]

CORPORATIONS (210)—INSOLVENCY—PREFERENCES—EVIDENCE—SUFFICIENCY. A corporation being insolvent, so far as creditors are concerned, when it cannot pay its debts in the ordinary course of its business even if the reasonable value of its assets exceed the liabilities, the evidence shows insolvency, where it gave a mortgage on its personal property for $5,600 to secure an old account, and another for $1,300 to secure a bank indebtedness, other creditors had been pressing it, some of its employees were not paid, and its custom was to pay but small portions of outstanding bills.

APPEAL (170)—PARTIES—TRANSFER OR DEVOLUTION OF INTEREST. Where, pending a suit by a receiver, the whole matter was thrown into the bankruptcy court, and the trustee in bankruptcy served and filed a brief on appeal, the appellate court will strike out a brief filed by the receiver after her interest had ended.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 6, 1922, in favor of the plaintiff, in an action to set aside a chattel

[1]Reported in 214 Pac. 6.

mortgage as in fraud of creditors, tried to the court. Affirmed.

*Grinstead & Laube* and *Harry A. Rhodes,* for appellant.

*Benton Embree,* for respondent Mae Wiatt.

*Leopold M. Stern* and *Clarence L. Gere,* for respondents Charles L. Anderson and H. E. Warner.

BRIDGES, J.—The chief question involved in this lawsuit is whether the defendant, the Ray Young Parsons Company, a corporation, was insolvent at the time it gave the chattel mortgage hereinafter mentioned.

On June 12, 1921, and for a long time prior thereto, that company (hereinafter called defendant) conducted a bakery-restaurant in the city of Seattle. It was indebted to the appellant, Schwabacher Brothers & Company, Incorporated, on an old account for groceries furnished in the sum of $5,600. On the date above mentioned, it gave to the Schwabacher Company a chattel mortgage covering all of its property to secure that indebtedness. Two or three days later it also gave a chattel mortgage on all of its property to the Scandinavian-American Bank of Seattle to secure an indebtedness of $1,300. These mortgages were duly filed with the county auditor. Some months thereafter, no portion of the indebtedness having been paid, the maker of the mortgages gave to both the mortgagees a bill of sale to the property in question, and the latter went into possession and continued to operate the property until the respondent Brooks, who was an employee of the defendant, brought this suit against it and the appellant, seeking a personal judgment against the defendant for the amount due her and seeking to have the chattel mortgage to the appellant declared null and void. Subsequently, the re-

spondent Anderson, who was also an employee of the defendant, intervened, making the Scandinavian-American Bank, the other mortgagee, a party defendant, and asked substantially the same relief as that sought by the respondent Brooks.

Shortly after these suits were started, the respondent Mae Wiatt was appointed receiver of the property and effects of the defendant, and thereafter she, as receiver, intervened in the action as a plaintiff, seeking to have both of the chattel mortgages declared void. Later the defendant, on the petition of certain creditors, was thrown into bankruptcy and one H. E. Warner was made the trustee. The lower court gave a personal judgment against the defendant in favor of the plaintiff, and also found and decreed that, at the time the mortgages were given to the appellant and to the Scandinavian-American Bank, the mortgagor was insolvent, and that both the mortgages were void as against creditors. The Schwabacher Company has appealed; the other mortgagee, the bank, has not appealed.

As stated in the appellant's brief: ''the only question in this case is the solvency of the Ray Young Parsons Company at the time of making the mortgage to Schwabacher Bros. Co. Inc., so as to render said mortgage void.''

This court has repeatedly held that, when a corporation is not able to pay its debts in due course of business, it is insolvent so far as creditors are concerned. *Nixon v. Hendy Machine Works*, 51 Wash. 419, 99 Pac. 11; *Simpson v. Western Hardware & Metal Co.*, 97 Wash. 626, 167 Pac. 113; *Ronald v. Schoenfeld*, 94 Wash. 238, 162 Pac. 33; *McKay v. Sperry Flour Co.*, 95 Wash. 209, 163 Pac. 377; *Jones v. Hoquiam Lumber & Shingle Co.*, 98 Wash. 172, 167 Pac. 117; *McKnight v.*

*Shadbolt,* 98 Wash. 665, 168 Pac. 473. The latest expression of this court on the question will be found in *Rosling v. Evans Co.,* 123 Wash. 93, 212 Pac. 151. A corporation which cannot pay its debts in the ordinary course of business is insolvent, even though the reasonable value of its assets may exceed the amount of its liabilities. *Simpson v. Western Hardware & Metal Co., supra; Climenson v. Carson,* 284 Fed. 507; *Wilson v. City Bank of St. Paul,* 84 U. S. 473, 21 Law Ed. 723; *Pirie v. Chicago Title & Trust Co.,* 182 U. S. 438, 45 Law Ed. 1171.

The question then for us to determine is whether, at the time the defendant gave the mortgage in question, it was able to pay its debts in the ordinary course of business, and not whether, at that time, the reasonable value of its assets equalled or exceeded its liabilities. Under the rule thus announced, we think it clear from the testimony that the defendant was insolvent when the mortgage was given. The very indebtedness which this mortgage secured was an old and constantly accumulating one. From time to time the defendant gave checks which were returned unpaid. Some of its creditors were pressing payment in vain. It was its custom to pay, not the whole, but a small portion of an outstanding bill. Some of its employees were unpaid. The business was going from bad to worse; plainly, it was a losing venture. The appellant took the mortgage only because defendant was unable to pay in cash. For the same reason the bank took its mortgage. In passing, we may say that we are also convinced that the actual cash money value of defendant's assets was not equal to its liabilities. The defendant was insolvent when the mortgage was given, which is therefore void as against creditors.

The appellant has moved to strike the brief of the receiver for the reason that, before it was served, the

whole matter had gone into the bankruptcy court and the receiver was no longer interested. We do not find in the record anything to indicate when the trustee in bankruptcy was appointed. In one of the briefs it is asserted—and nowhere denied—that the appointment was before the trial in the lower court. In any event, we find that, on July 11, 1922, the court made an order requiring the receiver to turn over to the trustee all property in her hand. The receiver's brief was not served till more than five months thereafter. The trustee served and filed a brief in this court. Such being the situation, we are unable to see what interest the receiver had in the matter when she served her brief, or for some months prior thereto.

Complaint is also made that a judgment was entered *ex parte* in favor of the intervener Anderson. That judgment apparently undertakes to foreclose a laborer's lien in favor of that intervener, and to adjudge that lien senior to appellant's mortgage. In any event, it seems to us that, under our holding that the mortgage is void, appellant is no longer interested in the Anderson judgment.

The judgment is affirmed. The receiver's brief is stricken.

Main, C. J., Mackintosh, Holcomb, and Mitchell, JJ., concur.