68

[No. 829-3.    Division Three.    March 25, 1975.]

SPOKANE MERCHANTS' ASSOCIATION *et al, Appellants,* v.
EVERETT LOBE *et al, Respondents.*

*W. Edward Allan* (of *Moe & Allan*), for appellants.

*Randolph S. Palmer* and *James O. Neal,* for respondents.

GREEN, J.—Plaintiff, Spokane Merchants' Association, the assignee for benefit of the creditors of Weaver Truck Lines, Inc., brought this action against defendants, Everett Lobe, Frances Lobe and Randolph S. Palmer, as directors and officers of Weaver Truck Lines, seeking to recover the reasonable value of certain assets transferred to Everett Lobe. From a judgment in favor of defendants entered following a nonjury trial, plaintiff appeals.

On appeal, plaintiff questions the propriety of the trial court's finding and conclusion that a prior decree of divorce between the Lobes, awarding described corporate assets to Everett Lobe, is determinative of the present action.

Everett and Frances Lobe were the sole stockholders of Weaver Truck Lines, Inc. Both served as officers of the corporation and were members of the board of directors.

On November 24, 1970, Frances Lobe was granted a default divorce from Everett Lobe. Under the decree, Everett Lobe, among other items, was awarded:

> Operation *from* corporation of all motor vehicles and trucks now in his possession and control, to-wit:
> 1954 International Truck Tractor
> 1964 Ford Truck
> 1961 International Truck
> 1964 International Truck
> 1966 Cevrolet [*sic*] ½ ton Pickup.
>
> . . .
>
> Fifty percent (50%) of the capital stock in Weaver Truck Lines, Inc., a Washington corporation, including fifty percent (50%) of all assets owned by said corporation.

(Italics ours.) The decree contained identical provisions for Frances Lobe, listing other described corporate vehicles.

About April 12, 1971, a special meeting of the shareholders and officers of the corporation was held. At the meeting, it was agreed that Everett would transfer all of his stock in the corporation to Frances and the corporation would transfer title to all of the vehicles in Everett's possession to him. Thereafter, Everett Lobe, as president, transferred the vehicles to himself, endorsed his shares of stock over to Frances and relinquished his office in the corporation.

On June 2, 1971, on advice of counsel, Frances Lobe, the sole stockholder of the corporation, assigned the assets of the corporation to the plaintiff for the benefit of corporate creditors. Plaintiff liquidated the corporate assets and found them insufficient to satisfy outstanding creditors. This action was commenced to recover the reasonable value of the corporate assets transferred to Everett Lobe.

Plaintiff assigns error to the court's finding and conclusion that the decree awarded the corporate vehicles to Everett Lobe and Frances Lobe as their sole and separate property and that plaintiff's action should be dismissed. It is contended that a reading of the decree does not indicate that corporate assets were actually distributed by its terms; rather, it awarded each party 50 percent of the stock of the

corporation and granted each party the "operation from the corporation" of specific motor vehicles and trucks. Thus, legal title to the vehicles remained in the corporation until the meeting when they were transferred to Everett Lobe. We agree.

■ The decree only granted the parties "operation" of the motor vehicles—not legal title. Accordingly, the parties operated the vehicles under the corporate carrier permit and as Frances Lobe testified: "All the taxes and everything was paid as one corporation and each partner paid his share." This conduct does not support the trial court's finding that the decree of divorce made a present distribution of the property. Moreover, had the divorce decree contemplated such distribution, it would have, in effect, resulted in a dissolution of the corporation. A corporation can only be dissolved in the manner prescribed by RCW 23A.28 which provides for payment of creditors. RCW 23A.28.060; *Moore v. Los Lugos Gold Mines*, 172 Wash. 570, 21 P.2d 253 (1933). It can hardly be contended that the court in the divorce action intended a direct violation of these statutory provisions.

■ Furthermore, at the time of the actual distribution on April 12, 1971, the corporation was insolvent. RCW 23A.04.010(14). RCW 23A.08.430 clearly prohibits a distribution of assets while a corporation is insolvent, as it provides:

> The board of directors of a corporation may, from time to time, distribute to its shareholders out of capital surplus of the corporation a portion of its assets, in cash or property, subject to the following provisions:
> (1) *No such distribution shall be made at a time when the corporation is insolvent or when such distribution would render the corporation insolvent.*

(Italics ours.) Thus, the board of directors had no authority to distribute the corporate vehicles to Everett Lobe and the transfer is void as to outstanding corporate creditors. *Ronald v. Schoenfeld*, 94 Wash. 238, 242, 162 P. 43 (1917); *see* 11 W. Fletcher, *Private Corporations* § 5224 (M. Wolf rev. vol. 1971); 19 Am. Jur. 2d *Corporations* § 1583 (1965).

Everett Lobe contends that if the transfer of corporate property to him was void, the transfer of stock to Frances Lobe is also void. It is argued then, that Frances as a 50-percent stockholder had no authority to make the assignment for benefit of creditors and for this reason the dismissal of the plaintiff's complaint should be affirmed. We disagree. There is no question that Frances was the sole stockholder of record of the corporation after April 12, 1971. Our holding that the transfer of vehicles to Everett Lobe was illegal as to creditors portends at most a failure of consideration with respect to the stock transfer to Frances. This is a matter to be resolved between the Lobes.

Reversed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied July 2, 1975.

Review denied by Supreme Court November 5, 1975.